By the Court.
 

 This is an action in prohibition, and issue was made by demurrer to the petition. The
 
 *513
 
 essential facts may be briefly stated. Emerson L. Taylor, tbe relator, was duly appointed administrator of tbe estate of Mary Wise Hawk by the probate court of Franklin county, Ohio, and duly qualified as such administrator January 24, 1930. The following day one Marley Kilbury, upon his application, was appointed administrator of Mary Hill Wise, formerly Hawk, by the probate court of Delaware county, Ohio, and duly qualified on the same day. Mary Wise Hawk is the same person known as Mary Hill Wise and Mary Wise.
 

 Thereafter said Marley Kilbury filed an application in the Franklin county proceeding seeking to have the court set aside the appointment of Taylor as administrator. Upon hearing, that court found that Mary Wise Hawk was a resident of Franklin county at the time of her death and denied the application to set aside the appointment.
 

 The probate court of Delaware county, however, after overruling a motion of the relator herein to set aside the appointment of Kilbury as administrator in that court, proceeded with the administration of said estate and has now pending therein an application for the sale of real estate.
 

 The jurisdiction of that court is challenged by this action, and the question presented is whether the facts above stated warrant the issuance of such writ.
 

 The probate court of Franklin county acquired jurisdiction over the estate involved in this controversy, and under the provisions of Section 10498, General Code, that jurisdiction is exclusive of any other probate court. It follows that under the facts stated in the petition the probate court of Delaware
 
 *514
 
 county has not jurisdiction of said estate, and the demurrer should be overruled.
 

 Demurrer overruled.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.