Williams, J.
 

 In brief, as appears from the petition, Arthur E. McClain died February 24, 1922, leaving Nellie M. McCafferty, a sister, residing in Los Angeles, California, and E. L. McClain, a brother, his only next of kin. On application the Probate Court of Highland county, Ohio, refused to admit to probate the alleged last will and testament of decedent and no appeal was taken. Subsequently E. L. McClain died testate, leaving the relator herein, Helen McClain Young, his daughter, Donald S. McClain of Atlanta, Georgia, his son, E. L. McClain, Jr., of Los Angeles, California, his son, and Lulu Johnson McClain of Greenfield, Ohio, his widow, his only next of kin and devisees and legatees. Thereupon Elizabeth Ann Mc-Cafferty, now Elizabeth Ann Barry, who had not been a party to the first proceeding and had no knowledge thereof nor of the refusal to admit the will to probate until long after the time for appeal had gone by, filed
 
 *272
 
 an application in the same conrt and the will was admitted to probate. At the time the Probate Court entered its order refusing to admit the will of Arthur E. McClain to probate in 1922, Elizabeth Ann Mc-Cafferty, beneficiary under the will, was eleven years of age. When she filed in the same court her application to have the will admitted to probate in 1935 she was twenty-four years of age.
 

 This original action in prohibition is brought with the purpose of determining the validity of the order admitting the will to probate.
 

 The contention of the relator is that the order of the Probate Court refusing to admit the will to probate, made on the first application, was binding upon Elizabeth Ann Barry, though she was at that time a minor, had no notice of the proceeding until years thereafter and was in no way made a party thereto; that, upon the repropounding of the will in 1935, the order admitting the will to probate was made wholly without jurisdiction on the part of the Probate Court; that that court is wholly without power to proceed to carry the will into effect and cause the estate to be resettled according to its terms, and that by reason of the lack of jurisdiction a writ of prohibition may lawfully issue from this court restraining all further proceedings.
 

 Did Elizabeth Ann Barry, beneficiary of the trust under the will, have a right to repropound it?
 

 It is a general rule that a right to repropound a will for probate does not exist after the Probate Court has previously refused admission to probate by an order duly entered which remains in full force; but an exception to the rule has been- 'recognized.- In
 
 Feuchter
 
 v.
 
 Keyl,
 
 48 Ohio St., 357, 27 N. E., 860, this court laid down the following principle: “Where admission of a will to probate has been refused by the probate court, persons having no notice of the proceedings and refusal until too late to perfect an appeal
 
 *273
 
 to the court of common pleas from the order of refusal, are not concluded thereby, but may repropound the will notwithstanding the former order of refusal has not been vacated.”
 

 In
 
 Missionary Society
 
 v. Ely, 56 Ohio St., 405, 410, 47 N. E., 537, the above quoted principle is commented on but not repudiated. The relator contends that it is unsound and that the pronouncement should be overruled. This court feels constrained to adhere to its former holding. It might well be deemed that this conclusion is determinative of the case, but there are other grounds upon which the decision may be placed and we are disposed to consider them.
 

 The relator raised a question as to the jurisdiction of the Probate Court. The petition alleges that the judgment admitting the will to probate is void, but this allegation is a mere conclusion of law and there is no allegation in the petition from which the inference of invalidity may be drawn.
 

 As appears from the petition, the application of Elizabeth Ann Barry to admit the will to probate prayed that the next of kin, known to be residents of Ohio, should be notified. The petition alleges that the relator and her mother, Lulu Johnson McClain, the only next of kin in Ohio, were duly notified of such application, as required by Section 10504-17, General Code, and appeared by counsel and cross-examined the subscribing witnesses. It is evident that there is and can be no claim of invalidity of the order admitting the will to probate by reason of want of jurisdiction of the person.
 

 Was the proceeding in which the order of probate was entered wholly void for want of jurisdiction of the subject of the action?
 

 In the prevailing situation there were two adjudications of the same matter; on the first application there was a refusal to probate the will; on the second, there was an admission of the will to probate. As a gen
 
 *274
 
 eral rule, the mere fact that there has been a former adjudication does not absolutely deprive a court of jurisdiction in a subsequent case involving the same issue.
 
 Res judicata
 
 is a defense and if not properly asserted it is waived and the last adjudication prevails.
 
 Meiss
 
 v.
 
 Gill,
 
 44 Ohio St., 253, 6 N. E., 656;
 
 Clark
 
 v.
 
 Baranowski,
 
 111 Ohio St., 436, 145 N. E., 760.
 

 In a sense however, the question of jurisdiction is involved here. In fact the whole contention of the relator is that the
 
 Probate Court
 
 had no jurisdiction on the second application for the reason that there had been a former adjudication. While
 
 res judicata
 
 is not always referred to in the books as presenting a jurisdictional question it is so spoken of in the case of
 
 Stacey
 
 v.
 
 Cunningham, Exr.,
 
 69 Ohio St., 176, 68 N. E., 1001. In that case a judgment in a will contest was under review and the record shows that on trial the plaintiff sought to show that there had been a previous order refusing to admit the will to probate for the reason that it was not legally executed and that no appeal was taken therefrom and plaintiff claimed that the Probate Court was, “because of such former adjudication, without jurisdiction or authority upon the repropounding of said will to admit the same to probate and record.” It is stated in the opinion at page 182:
 

 “But the question of the regularity and validity of the order of probate, or the jurisdiction of the court to malee such order, is not in issue, or involved in an action of this character, an action to contest the validity of a will, and is not therefore in such action the proper subject of inquiry or review.” It is therefore necessary to consider further the question of jurisdiction.
 

 What jurisdiction is vested in Probate Courts in the probating of wills? It is well pointed out that it is only necessary for the proponent to make a
 
 prima facie
 
 case in favor of probate and that no testimony can be
 
 *275
 
 given against the will.
 
 Last Will of Hathaway, Deceased,
 
 4 Ohio St., 383;
 
 Missionary Society
 
 v.
 
 Ely, supra,
 
 at page 409; Section 10504-18, General Code. There is no appeal from an order of admission to probate under the laws of Ohio, but the right to contest the will by action in the Court of Common Pleas does afford a remedy.
 

 It is, therefore, apparent that the Probate Court had full power to hear and determine the application to admit the will to probate, unless as contended, the former adjudication deprived it of jurisdiction.
 

 In
 
 State, ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Probate Judge,
 
 96 Ohio St., 10, 117 N. E., 13, the court says in the syllabus:
 
 ‘1
 
 The probate court, vested by the constitution with jurisdiction in probate and testamentary matters and recognized as competent to decide on its own jurisdiction, has power to determine whether a will is entitled to probate and whether letters testamentary thereon shall issue.
 

 “When, upon the hearing of an application for the probate of a will and for letters testamentary, the probate court finds that the testator at the time of his death was a resident of the county in which the application is made, an order or judgment of the court admitting the will to probate and issuing letters testamentary thereon, however erroneous the conclusions of law and fact upon which the judgment or order is based may be, cannot be reviewed or set aside by a superior court in a proceeding in prohibition.”
 

 In the body of the opinion it is asserted: “Two of the next of bin * * * contested the jurisdiction of 'the probate court of that county to entertain the application for probate. This they had the right to do under Section 10520, General Code [now Section 10504-15, General Code], which gives to any person interested in the probate of a will the right to contest the jurisdiction of the court to entertain the application.”
 

 
 *276
 
 The judgments of Probate Courts are protected against collateral attack to the same extent as judgments of other courts of record, and Probate Courts are held to be capable of deciding their own jurisdiction. Wil
 
 berding, Admr.,
 
 v.
 
 Miller,
 
 90 Ohio St., 28, 46, 106 N. E., 665;
 
 Crawford, Admr.,
 
 v.
 
 Zeigler,
 
 84 Ohio St., 224, 231, 95 N. E., 743;
 
 Cincinnati, Sandusky & Cleveland Rd. Co. v. Village of Belle Centre,
 
 48 Ohio St., 273, 27 N. E., 464.
 

 Existing statutes make provision for contest of jurisdiction.
 

 Section 10504-15, General Code: “* * * When a will, claimed to have been executed by a person domiciled in this state, is presented for probate, persons interested in its probate may contest the jurisdiction of the court to entertain the application. Before a hearing of a contest as to jurisdiction is had, all parties named in such will as legatees, devisees, trustees or executors, shall have notice thereof in such manner as may be ordered by the court.”
 

 Section 10504-16, General Code: “When such contest is made, parties shall have the right to call witnesses and be heard upon the question it involves. The decision of the court as to its jurisdiction may be reviewed on error.”
 

 The question whether the Probate Court has power to hear and determine the defense of
 
 res judicata
 
 is certainly jurisdictional in character, and when such question is presented on an application to probate a will, a contest of jurisdiction is involved within the meaning of the statutes.
 

 Relator contends that the defense of
 
 res judicata
 
 could not have been made because only persons interested in the probate could contest jurisdiction, and a person opposed to the probate is not so interested; and contends further that there is no authority in law for making parties persons other than legatees, devisees, trustees or executors. Such a construction is
 
 *277
 
 too narrow. The provision for parties relates to necessary parties, but any one whose interest is affected is a proper party and may be brought in so that the controversy can be fully determined; moreover, the only persons interested in resisting the probate are those whose rights would be impaired thereby. Section 12079, General Code, provides that “a person interested in a will” may contest its validity. In
 
 Bloor
 
 v.
 
 Platt,
 
 78 Ohio St., 46, 84 N. E., 604, it was held that a judgment creditor with a lien obtained by a levy on property which, in the absence of a will would belong to the debtor heir by descent, is a person interested in a will within the meaning of Section 5858, Revised Statutes (now Section 12079, General Code).
 

 By way of contradistinction it is instructive to consider the language in Section 10504-18, General Code, which only allows the calling of witnesses to the will and other witnesses desired by “any person interested in having it admitted to probate.” Where jurisdiction is involved “parties shall have the right to call witnesses and be heard upon the question it involves.” The relator was a person interested in the probate of the will within the meaning of Section 10504-16, General Code; moreover, that sectipn gives the aggrieved party a right of review on error in a contest as to jurisdiction and the defense of
 
 res judicata
 
 presents such a contest. The remedy in Probate Court was adequate with right of review and a writ of prohibition cannot.be used as a substitute for a proceeding in error.
 
 State, ex rel. Maysville Bridge Co.,
 
 v.
 
 Quinlan, Probate Judge,
 
 124 Ohio St., 658, 181 N. E., 880;
 
 State, ex rel. Brickell,
 
 v.
 
 Roach, Recr.,
 
 122 Ohio St., 117, 170 N. E., 866;
 
 Marsh
 
 v.
 
 Goldthorpe, Mayor,
 
 123 Ohio St., 103, 174 N. E., 246. The writ of prohibition has been granted to prevent the appointment of an administrator where there was no jurisdiction to make the appointment because another court of probate had previously taken jurisdiction and appointed an adminis
 
 *278
 
 trator.
 
 State, ex rel. Taylor, Admr.,
 
 v,
 
 Gregory, Judge,
 
 122 Ohio St., 512, 172 N. E., 365. Other cases might be cited where the writ has been issued to inferior courts to restrain proceedings. The exercise of jurisdiction which was prohibited in those cases, seems invariably to have been what was referred to in
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029, as
 
 “ultra vires
 
 jurisdiction.” It may be said the court exercises
 
 ultra vires
 
 jurisdiction where the proceedings are absolutely void from their inception for want of power to hear and determine. When the inferior court is without power to proceed
 
 ab initio
 
 the writ will lie, but where a jurisdictional question, such as claimed lack of power to determine the cause on its merits because of former adjudication, arises in the course of the proceeding, the inferior court is vested with power to hear and determine it and the writ will not lie.
 

 The relator fails on all contentions. The will could be repropounded, the defense of
 
 res judicata
 
 could properly be interposed on application to probate a will, and if not interposed it is waived; furthermore, error will lie from an adverse decision on the question of jurisdiction and prohibition is not the appropriate remedy under the facts alleged in the petition.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.