Weygandt, C. J.
 

 For his remedy in this controversy the relator relies upon the case of
 
 State, ex rel. Taylor, Admr.,
 
 v.
 
 Gregory, Judge,
 
 122 Ohio St., 512, 172 N. E., 365, on the theory that the Probate Court of Tuscarawas county is wholly devoid of jurisdiction of either the person or the estate of his ward.
 

 
 *261
 
 The question of law now before this court for determination is whether the action of the Probate Court of Franklin county in the
 
 lunacy
 
 inquest of 1934 was of such a nature as to render its jurisdiction continuous and exclusive in this matter, thereby precluding the attempted
 
 guardianship
 
 proceeding in Tuscarawas county nearly three years later. The relator relies upon the first paragraph of the syllabus in the case of
 
 Heckman
 
 v.
 
 Adams,
 
 50 Ohio St., 305, 34 N. E., 155, which holds that “The jurisdiction acquired by the Probate Court in an inquisition of lunacy, under our statutes, continues until the discharge of the patient.” However, as the respondents correctly observe, this decision is no longer controlling inasmuch as it was based in part upon Section 6302, Revised Statutes, which related to the appointment of a guardian by the Probate Court. This section was repealed subsequently and was replaced by Sections 10988 and 10989, General Code. These sections now have been repealed and in turn replaced by Sections 10507-1, 10507-2 and 10507-4, General Code. By the terms of Section 6302, Revised Statutes, and Section 10989, General Code, the Probate Court was authorized to make such an appointment for a “person resident of the county, or having legal settlement in any township thereof.” This language has been supplemented and broadened by Section 10507-2, General Code, to provide that “the person for whom the guardian is to be appointed be a resident of the county, or has a legal settlement or residence therein.” In the present controversy the Probate Court of Tuscarawas county proceeded under favor of this provision, inasmuch as Lucy Ann Hevlow returned to that county shortly after November 17, 1934, and resided there until after that action was instituted on February 20, 1937. Then too, the respondents rely upon the following broad and decisive language of Section 1950-1, General Code.
 

 “Any insane person having a legal residence in the
 
 *262
 
 state of Ohio, but who may be temporarily residing or detained in a county other than that of his legal residence, may be legally committed to a state hospital by the Probate Judge of the county in which such person is temporarily residing or detained.”
 

 In the case of
 
 Heckman
 
 v.
 
 Adams, supra,
 
 the court relied also upon Sections 709, 710 and 714, Revised Statutes, relating to state hospitals for the insane. These sections likewise were repealed and replaced by Sections 1964 to 1971 inclusive, and 1977, General •Code, part of which remained in effect until January 1, 1938. A careful study of these provisions discloses nothing to indicate a legislative intent to clothe a committing Probate Court with continuing exclusive jurisdiction over the person of the patient. On the contrary, the superintendent of the'hospital may at any time discharge a patient with the written consent of the Director of the Department of Public Welfare; and ¿s was done in the instant case, the superintendent has plenary power to permit a patient to leave the hospital on a trial visit of whatever duration the superintendent may deem proper. At any time during such visit the superintendent may have the patient return to the hospital without further legal proceedings. Thus the Probate Court of Franklin county did not have continuing- exclusive jurisdiction over the person of Lucy Ann Hevlow, and the Probate Court of Tuscarawas county was authorized to take the guardianship action of which the relator complains! The writ must be denied and the action dismissed at the relator’s costs.
 

 Writ denied.
 

 Matthias, Day, Zimmerman, Williams and Gorman, JJ., concur.