Williams, J.
 

 Counsel for defendants have filed a motion to dismiss the appeal upon the asserted ground that an appeal to this court does not lie to review a judgment of a Court of Appeals denying a writ of prohibition. Section 6, Article IY of the Constitution, confers original jurisdiction upon the Courts of Appeals in prohibition, and Section 2 of the same article gives the Supreme Court appellate jurisdiction in cases which originate in the Courts of Appeals. The dismissal of the petition by the court below was a final order or judgment from which the appeal to this court was properly taken. The motion of defendants must be overruled.
 

 Does the petition state a cause of action? The petition contains 24 pages of typewritten matter but a brief recital of the controlling facts is all that is necessary to a determination of the question of the sufficiency of the petition.
 

 On May 12, 1923, the Probate Court of Columbiana county appointed Anna Miller, later Anna Miller Wisner, guardian of the person and estate of her minor daughter, Catherine Miller, now known as Kathleene Kaminski, who became 21 years of age on June 17,1942. Subsequently Anna Miller married the plaintiff, Harry J. Wisner. The guardian filed five partial accounts during her ward’s minority and on July 1, 1942, filed her sixth and final account. On July 31, 1942, the Probate Court settled and approved these accounts and discharged the guardian.
 

 On October 7, 1942, Kathleene Kaminski filed excep
 
 *421
 
 tions to the six accounts and later a petition to vacate judgments on which summons was served on Anna Miller Wisner on January 26, 1943. Service was quashed and new service obtained within three months after the first service. On May 24, 1943, an amendment to the exceptions was filed.
 

 Before the exceptions, amendment to the exceptions or the petition to vacate judgments had been disposed of, namely, on November 10,1943, Anna Miller Wisner died and on February 14,1944, her husband, Harry J. Wisner, plaintiff herein, was appointed administrator of her estate by the Probate Court of Stark county.
 

 On July 24, 1944, Kathleene Kaminski filed in the Probate Court of Columbiana county a motion to revive against such administrator what was described in the motion as an “action for accounting under the exceptions and amendments to exceptions.”
 

 On July 31, 1944, the accounts of Harry J. Wisner as administrator as aforesaid were settled and approved by the Probate Court of Stark county, the administrator’s resignation was accepted and he was discharged.
 

 The Probate Court of Columbiana county announced on or about December 6, 1944, that unless some person identified in interest with the late Anna Miller Wisner should within ten days' make an application for the appointment of a guardian as successor to the deceased guardian, the court would appoint such a guardian on its own motion.
 

 The recital of these material facts gives the substance of the plaintiffs’ purported cause of action. There are further allegations of other incidental hearings but, according to the allegations of the petition, the facts remain that the exceptions, the amendment to the exceptions, the petition to vacate judgments and the motion to revive are undisposed of and no action has been taken with respect to the appointment of a successor guardian.
 

 
 *422
 
 The plaintiffs maintain that the Probate Court of Columbiana county has no jurisdiction to hear and determine these undisposed of matters.
 

 It is true that a court of superior jurisdiction may grant a writ of prohibition to prevent the attempted exercise of
 
 ultra vires
 
 jurisdiction by a court of inferior jurisdiction. Where the proceedings are void
 
 ab initio, ultra vires
 
 jurisdiction is invoked and the writ will lie. On the other hand when the proceedings are not absolutely void and the court has power to hear and determine matters arising generally therein, but jurisdictional questions are raised in the course thereof, the court is empowered to determine its own jurisdiction with respect thereto, subject to the right of review or redetermination on appeal.
 
 State, ex rel. Young,
 
 v.
 
 Morrow, Judge,
 
 131 Ohio St., 266, 2 N. E. (2d), 595.
 

 The Probate Court is vested with jurisdiction to appoint guardians, -settle guardianship accounts and compel opening of settled accounts in proper cases. Necessarily all lawful steps to accomplish these ends may be taken.
 

 The proceedings of the Probate Court of Columbiana county in the matter of the guardianship of Kathleene Kaminski are not void
 
 ab initio,
 
 and the questions of jurisdiction 'raised are for the determination of that court. It is the proper forum for the trial of such matters and there is no valid reason why the litigation should be transferred to a higher court by employing the extraordinary legal remedy of prohibition.
 

 Perhaps something further should be said about the court’s announcement that a successor guardian would be appointed. Counsel for defendants maintain that Section 10506-55, General Code, justifies such a course. It follows from what has been said that the question of the court’s power to make such appointment is, like
 
 *423
 
 the other questions, for the determination of the Probate Court. If that court makes the appointment on its own motion, a hearing on an application to revoke the appointment may bring out facts which will justify the court’s action. The question cannot be determined in the instant case.
 

 The Court of Appeals did not err in sustaining the demurrer to the petition and the judgment dismissing the petition is affirmed.
 

 Judgment affirmed.
 

 "YVeygandt, C. J., Zimmerman, Bell, Turner and Matthias, JJ., concur.
 

 Hart, J., not participating.