Weygandt, C. J.
 

 A preliminary question is presented by respondents’ motion to strike the second and third sentences from the relator’s reply for the reason that they are conclusions of law.
 

 The motion is granted. Counsel are agreed that the third sentence should be stricken since it contains the mere conclusion that the proceedings in the Probate Court of Preble county were null and void. The second sentence is likewise unimportant inasmuch as it simply states the reason why no notice was given concerning the application to probate the earlier will in Hamilton county.
 

 The decisive question is whether the relator has mistaken his remedy.
 

 Under the provisions of Section 10504-15, General Code, “a will shall be admitted to probate * * * in the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state.”
 

 Hence, if this testatrix was domiciled in Preble county at the time of her death, the Probate Court of that county has jurisdiction to administer the estate, and the Probate Court of Hamilton county does not. Similarly, if she was domiciled in Hamilton county at the time of her death, the Probate Court of that county has jurisdiction to administer the estate, and the Probate Court of Preble county does not.
 

 
 *499
 
 In this ease the matter of the domicile of the testatrix is a question of fact to be determined from the evidence. Each of the two Probate Courts has concluded that she was domiciled in its county. The relator now asks thiá court in this
 
 original
 
 action to substitute its conclusion for the facts found by the two Probate Courts.
 

 In Section 10504-15, General Code, it is provided further that “when a will is presented for probate, persons interested in its probate may contest the jurisdiction of the court to entertain the application.” The relator concedes that the question of jurisdiction is one that may be reviewed on appeal. He appeared at the hearing in the Probate Court of Preble county and contested its jurisdiction on the specific ground that the testatrix was not in fact domiciled in that county at the time of her death. Exceptions were saved to the finding and judgment of that court; and under the provisions of Section 10504-16, General Code, “the decision of the court as to its jurisdiction may be reviewed on error.”
 

 Nevertheless, the relator insists that he need not avail himself of this usual remedy but may resort to the use of the extraordinary writ of prohibition to accomplish the same purpose. In a multitude of cases this court has held repeatedly and consistently that the law is to the contrary. In the syllabus in the case of
 
 State, ex rel. Ellis,
 
 v.
 
 McCabe et al., Judges,
 
 138 Ohio St., 417, 35 N. E. (2d), 571, the rule was restated as follows:
 

 “1. A wrrit of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only when there is no other regular, ordinary and adequate remedy.
 

 “2. Such writ is not available as a substitute for the remedy of appeal.
 

 “3. A writ of prohibition will not be issued unless
 
 *500
 
 it clearly appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of' the cause which it is attempting to adjudicate, or is-about to exceed its jurisdiction.”
 

 In the instant controversy it not only does not appear clearly that the Preble county Probate Court has-no jurisdiction but it is possible that under the evidence-this may prove to be the only court that does have jurisdiction to administer the estate. Where, as here, the-question of jurisdiction is one of fact alone, it is peculiarly within the province of the trial court itself to-determine the issue.
 

 The relator relies on the cases of
 
 State, ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Probate Judge,
 
 96 Ohio St., 10, 117 N. E., 13, and
 
 State, ex rel. Young,
 
 v.
 
 Morrow, Judge,
 
 131 Ohio St., 266, 2 N. E. (2d), 595. However, in each case this court consistently refused to issue a writ of' prohibition as a substitute for the usual remedy of appeal to determine the jurisdiction of Probate Courts-to probate certain wills.
 

 The relator likewise relies on the provisions of Section 10501-55, General Code, formerly numbered 10498 and relied on in the case of
 
 State, ex rel. Taylor, Admr.,
 
 v.
 
 Gregory, Judge,
 
 122 Ohio St., 512, 172 N. E., 365. This statute reads as follows:
 

 “The jurisdiction acquired by a Probate Court over a matter or proceeding is exclusive of that of any other Probate Court,
 
 except when otherwise provided■ by law.”
 
 (Italics supplied.)
 

 This court recently called attention to the importance of the italicized part of this language in the case of
 
 State, ex rel. Overlander,
 
 v.
 
 Brewer, Judge,
 
 147 Ohio St., 386, 72 N. E. (2d), 84, in which the second: paragraph of the syllabus reads:
 

 “2. The exclusive jurisdiction of a Probate Court referred to in Section 10501-55, General Code, does-not apply when otherwise provided by law.”
 

 
 *501
 
 It is “otherwise provided by law’’ that “a will shall be admitted to probate * * * in the comity in which the testator was domiciled if, at the time of his death, he was domiciled in this state.” Section 10504-15, General Code,
 
 supra.
 

 The relator, not having availed himself of the usual and adequate remedy of appeal, may not resort to the extraordinary writ of prohibition as a substitute therefor.
 

 Writ denied.
 

 Matthias, Hart, Zimmerman, Turner and Taet, JJ., concur.