Stewart, J.,
 

 dissenting. Although I concur in all three paragraphs of the syllabus, I respectfully dissent from the judgment for the reason that the principles of law announced in the syllabus are not applicable to the factual situation in the present case.
 

 The Probate Court of Hamilton County admitted to probate the alleged first will of decedent and assumed jurisdiction over the administration of the estate involved. That could have been done only on a finding of the court that decedent was a resident of Ohio and domiciled in Hamilton county at the time of her death.
 

 Some time later the Probate Court of Preble County admitted to probate an alleged later will.
 

 The Probate Court of Hamilton County acquired jurisdiction over the estate involved in this controversy under the law as expressed in the third paragraph of the syllabus in this present case, and that jurisdiction is exclusive of any other probate court. In the absence of any appeal from the action of the Probate Court of Hamilton County, it follows that the Probate Court of no other county has jurisdiction, of the estate, and under the principle pronounced in
 
 *502
 
 paragraph two of the syllabus a writ of prohibition should properly issue against the Probate Court of Preble County.
 

 In the case of
 
 State, ex rel. Taylor, Admr.,
 
 v.
 
 Gregory, Judge,
 
 122 Ohio St., 512, 172 N. E., 365, the facts were that one Taylor, the relator, had been appointed administrator of an estate by the Probate Court of Franklin County. The day following his appointment one Kilbury was appointed administrator of the same estate by the Probate Court of Delaware County. Taylor brought an action in prohibition against the probate judge of Delaware county and this court unanimously held in a
 
 per curiam
 
 opinion:
 

 “The Probate Court of Franklin County acquired jurisdiction over the estate involved in this controversy, and under the provisions of Section 10498, General Code [now Section 10501-55, General Code], that jurisdiction is exclusive of any other probate court. It follows that under the facts stated in the petition the Probate Court of Delaware County has not jurisdiction of said estate * * V’
 

 I am of the opinion that the reasoning of this court in the
 
 Taylor case
 
 is applicable to the present case, and that under the exclusive jurisdiction acquired by the Probate Court of Hamilton County the alleged later will of decedent should have been filed in that county.