[Cite as *State ex rel. Hadley v. Pike*, 2014-Ohio-3310.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. ANDREW HADLEY, et al. | ) ) ) | CASE NO. 14 CO 14 |
| RELATORS | ) ) | |
| VS. | ) ) | OPINION AND JUDGMENT ENTRY |
| HONORABLE JUDGE C. ASHLEY PIKE | ) ) ) | |
| RESPONDENT | ) ) | |

CHARACTER OF PROCEEDINGS:      Complaint for Writs of Prohibition and
                                                        Mandamus

JUDGMENT:                                      Granted.

APPEARANCES:

For Relators:                                    Atty. Ronald L. Mason
                                                        Atty. Aaron T. Tulencik
                                                        Mason Law Firm Co., L.P.A.
                                                        425 Metro Place North, Suite 620
                                                        Dublin, Ohio  43017

For Respondent:                              Atty. Robert Herron
                                                        Columbiana County Prosecutor
                                                        Atty. Krista R. Peddicord
                                                        Assistant Prosecuting Attorney
                                                        105 South Market Street
                                                        Lisbon, Ohio  44432

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                                                        Dated:  July 25, 2014

PER CURIAM.

{¶1} Relators Andrew Hadley and Alsan Corporation have filed for a writ of mandamus and writ of prohibition against Respondent Judge C. Ashley Pike to prevent further action in Columbiana County Court of Common Pleas Case No. 13 CV 631, and to force the judge to dismiss the action for lack of subject matter jurisdiction. Relators argue that the attorney who filed the action is not licensed to practice law in Ohio and had not been granted *pro hac vice* status prior to filing the complaint. Respondent admits that the attorney was not licensed in Ohio and did not even begin applying for *pro hac vice* status until two weeks after filing the complaint. For the following reasons we grant both writs.

{¶2} On October 13, 2013, Melanie and Benjamin Woods filed a complaint, through their attorney John Lucas, against Andrew Hadley and Alsan Corporation (d/b/a "Dairy Queen"). Attorney Lucas was licensed in Pennsylvania but not in Ohio at the time the complaint was filed. Two weeks after the complaint was filed, Lucas registered for *pro hac vice* status with the Ohio Supreme Court. He was subsequently issued a certificate of *pro hac vice* registration on November 1, 2013.

{¶3} On November 21, 2013, Relators filed a motion to dismiss the complaint on the basis that Lucas was not admitted to practice in Ohio *pro hac vice* when he commenced the action by filing the complaint. Furthermore, Lucas had not yet requested to appear *pro hac vice* in the Columbiana County Court of Common Pleas.

{¶4} On November 25, 2013, Lucas filed a motion for permission to appear *pro hac vice* and participate as counsel in Columbiana County Common Pleas Case No. 13 CV 631.

{¶5} On December 26, 2013, the court granted Lucas's motion seeking permission to appear *pro hac vice* and overruled Relators' motion to dismiss. The court ruled that dismissal of the action was too drastic a measure in response to the failure of Lucas to obtain *pro hace vice* status prior to filing the complaint. The court overruled Relators' motion to dismiss and allowed Lucas to file an amended complaint that would relate back to the date of the original complaint. This action seeking a writ of mandamus and a writ of prohibition followed. Respondent has filed a Civ.R. 12(B)(6) motion to dismiss complaint, and Relators have filed a response.

{¶6} A writ of mandamus is defined as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. In order for a court to issue a writ of mandamus, a relator must have a clear legal right to the relief prayed for, the respondent must have a clear legal duty to perform the act requested, and the relator must possess no plain and adequate remedy at law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, at ¶8.

{¶7} A writ of prohibition is a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority. *State ex rel. Feathers v. Hayes*, 11th Dist. No. 2006-P-0092,

2007-Ohio-3852, ¶9; *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998). A writ of prohibition may only be issued where the relator establishes that: (1) a judicial officer or court intends to exercise judicial power over a pending matter; (2) the proposed use of that power is unauthorized under the law; and (3) the denial of the writ will result in harm for which there is no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶14; *State ex rel. Sliwinski v. Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶7.

{¶8} "[A] court of superior jurisdiction may grant a writ of prohibition to prevent the attempted exercise of *ultra vires* jurisdiction by a court of inferior jurisdiction. Where the proceedings are void *ab initio, ultra vires* jurisdiction is invoked and the writ will lie." *Wisner v. Probate Court of Columbiana Cty.*, 145 Ohio St. 419, 422, 61 N.E.2d 889 (1945), citing *State ex rel. Young v. Morrow*, 131 Ohio St. 266, 2 N.E.2d 595 (1936).

> The writ [of prohibition] may be invoked against any inferior courts or inferior tribunals, ministerial or otherwise, that possess incidentally judicial or *quasi*-judicial powers, to keep such courts and tribunals within the limits of their own jurisdiction.

> If such inferior courts or tribunals, in attempting to exercise judicial or *quasi*-judicial power, are proceeding in a matter wholly or partly outside of their jurisdiction, such inferior courts or tribunals are amenable to the writ of prohibition as to such *ultra vires* jurisdiction."

*State ex rel. Nolan v. ClenDening*, 93 Ohio St. 264, 112 N.E. 1029 (1915), paragraphs three and four of the syllabus.

> If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. *See State, ex rel. Northern Ohio Telephone Co. v. Winter* (1970), 23 Ohio St.2d 6[, 260 N.E.2d 827].  *See, also, Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 13[, 233 N.E.2d 582]."

*State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329, 285 N.E.2d 22 (1972).

> Where there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed to arrest the continuing effect of an order issued by such court, even though the order was entered on the journal of the court prior to the application for the writ of prohibition.

*Id.* at paragraph two of the syllabus.

{¶9}  A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought.  *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).  On the other hand, if all the material facts are uncontroverted and it appears beyond doubt that a relator is entitled to the requested extraordinary

relief in mandamus, a peremptory writ will be granted. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶14.

**{¶10}** In Ohio, a civil action is commenced by filing a complaint with the court. Civ.R. 3(A). Proper filing of a complaint invokes the jurisdiction of the court over a matter. *In re M.W.*, 133 Ohio St.3d 309, 2012-Ohio-4538, 978 N.E.2d 164, ¶25; *Bolinger v. Bolinger*, 49 Ohio St.3d 120, 551 N.E.2d 157 (1990). A trial court does not have jurisdiction over a complaint that is not properly commenced, and any judgment rendered is void *ab initio*. *McAbee v. Merryman*, 7th Dist. No. 13 JE 3, 2013-Ohio-5291, ¶16.

**{¶11}** R.C. 4705.01 states: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."

**{¶12}** "When a non-attorney files a complaint in a court in violation of R.C. 4705.01, the court should dismiss the complaint without prejudice." *Williams v. Global Constr. Co., Ltd.*, 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985), paragraph two of the syllabus.

**{¶13}** The Ohio Supreme Court has confined the practice of law to those who have met the prescribed requirements and have been regularly admitted to the bar. *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 193 N.E. 650 (1934),

paragraph three of the syllabus. No person may practice law in this state who has not been admitted to the bar by order of the Ohio Supreme Court. *In re Unauthorized Practice of Law*, 175 Ohio St. 149, 192 N.E.2d 54 (1963), paragraph two of the syllabus. "[T]he preparation and filing of a pleading in court is an act of advocacy which must be undertaken by an attorney admitted to the bar and licensed to practice law in this state." *Washington Cty. Dept. of Human Serv. v. Rutter*, 100 Ohio App.3d 32, 36, 651 N.E.2d 1360 (4th Dist.1995).

**{¶14}** "[A] lawyer admitted to practice in another state, but not authorized to practice in Ohio, who counsels Ohio clients on Ohio law and drafts legal documents for them is engaged in the unauthorized practice of law in Ohio." *Cleveland Bar Assn. v. Moore*, 87 Ohio St.3d 583, 584, 722 N.E.2d 514 (2000).

**{¶15}** Gov.Bar R. XII sets forth the rules and procedures to allow an out-of-state attorney to practice in Ohio *pro hac vice*. *Pro hac vice* literally means "for this event" or "for this occasion." *Davis v. Marcotte*, 193 Ohio App.3d 102, 2011-Ohio-1189, 951 N.E.2d 117, ¶8 (10th Dist.). In order to be admitted *pro hac vice,* an out-of-state attorney must first register with the Ohio Supreme Court Office of Attorney Services. Gov.Bar R. XII(1)(A)(3). The attorney is then required to file a motion for permission to appear *pro hac vice* with the court in which the attorney wishes to appear as counsel. Gov.Bar R. XII(1)(A)(6). Only after these two prerequisites are fulfilled may the out-of-state attorney represent clients in court in Ohio.

**{¶16}** It is undisputed that Attorney Lucas did not register with the Ohio Supreme Court Office of Attorney Services until November 1, 2013, two weeks after

the complaint was filed. We note that registering with the Ohio Supreme Court is only the preliminary step to being granted *pro hac vice* status. The attorney must subsequently file a motion with the trial court, and the trial court decides whether to grant *pro hac vice* admission. Lucas did not file his motion with the Columbiana County Court of Common Pleas until November 25, 2013, two days after Relators filed their motion to dismiss the complaint for lack of jurisdiction. The court did not actually grant Lucas's motion for *pro hac vice* status until December 26, 2013, the day it also overruled the motion to dismiss.

**{¶17}** Clearly, Attorney Lucas was not admitted to practice law in Ohio when he filed the complaint. Therefore, the complaint in Case No. 13 CV 631 was void *ab initio*. The trial court had no discretion in ruling on the motion to dismiss the complaint. The complaint should have been dismissed without prejudice for lack of subject matter jurisdiction. A writ of mandamus is appropriate because Relators have a clear legal right to dismissal of the complaint for lack of jurisdiction and Respondent has a clear legal duty to perform the act requested. In addition, a writ of prohibition is warranted because any further prosecution of the matter by Respondent is unauthorized and without jurisdiction under the law. Because the matters for review are jurisdictional in nature, it is unnecessary to determine whether Relators had other legal remedies available for relief.

**{¶18}** For the aforementioned reasons, we grant Relators' complaint for a writ of mandamus and a writ of prohibition. The court is ordered to dismiss the complaint in Columbiana County Court of Common Pleas Case No. 13 CV 631 without

prejudice, and to take no further action in that case except for action in aid of or ancillary to the dismissal. Costs taxed against Respondent. Final order. Clerk to give notice on the parties as required by the Ohio Rules of Civil Procedure.

Waite, J., concurs.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.