Turner, J.
 

 The following question is presented by the demurrer to the petition: Is the jurisdiction over a decedent’s estate acquired by the probate court of one county under Section 10509-1, General Code, exclusive of the jurisdiction over the same estate later acquired by the probate- court of another county under Sections 10504-10, 10504-15 and 10504-35, General Code?
 

 Section 10501-55, General Code, provides:
 

 “The jurisdiction acquired by a probate court over a matter or proceeding is exclusive of that of any other probate court,
 
 except when otherwise provided by law.”
 
 (Italics ours.)
 

 Section 10509-1, General Code, provides:
 

 “Upon the death of a resident of this state,
 
 intestate,
 
 letters of administration of his estate shall be granted by the probate court of the county in which he was a
 
 resident
 
 at the time he died.
 

 “If the will of any person is' admitted to probate
 
 in this, state,
 
 letters testamentary or of administration shall be granted by the probate court
 
 in which such will was admitted to probate.”
 
 (Italics ours.)
 

 
 *389
 
 Under Section 10509-1, General Code, where a resident of this state dies intestate the probate court of the county of which decedent was a resident at the time of death has jurisdiction to grant letters of administration, provided that the terms of Section 10509-4, General Code, have been complied with. But such jurisdiction is subject to termination upon the admission to probate of a will of such decedent by a probate court of the county in which testator was domiciled at the time of death.
 

 Section 10509-4, General Code, provides:
 

 “Before being appointed executor or administrator, every person shall make and file an application under oath, which must contain the names of the surviving spouse and all the next of kin of the deceased to such person known, their postoffice addresses if known, and also a statement in general terms as to what the estate consists of and the probable value thereof, and also a statement of any indebtedness the deceased has [had] against such person making said application.
 

 “The application may be accompanied by a waiver signed by the person or persons resident of the county entitled to administer the estate, and in the absence of such waiver such person or persons shall be cited by the court for the purpose of ascertaining whether they desire to take or renounce such administration.
 

 “Letters of administration shall not be issued upon the estate of an intestate until the person to be appointed has made and filed an affidavit that there is not to his knowledge a last will and testament of such intestate.”
 

 Relator’s petition contains the following allegation:
 

 “Relator says that, relator’s wife, Kathleen Sebring Overlander, died on January 19,1946; that on January 22, Í946, relator filed an application for letters of administration of his wife’s estate in the Probate Court
 
 *390
 
 of Mahoning county, Ohio, alleging that Kathleen Sebring Overlander died intestate and that she was a resident of the city of Sebring, Mahoning county, Ohio, at the time of her death. On the same date the Mahoning county Probate Court appointed relator administrator of his wife’s estate; relator qualified as such and let-, ters of administration were issued to him, as appears in case No. 35757 found in Administration Docket 62, page 169, of said court.”
 

 Relator’s petition does not disclose that the affidavit which under Section 10509-4, G-eneral Code, is made a condition precedent to the issuance of letters of administration was made and filed in the Probate Court of Mahoning county.
 

 There is no allegation in relator’s petition that decedent left any estate, real or personal, located in Mahoning county.
 

 While relator in his petition alleges that he filed an application for letters of administration of his wife’s estate in the Probate Court of Mahoning county alleging that she died intestate, a resident of such county, there is no allegation that the court made any finding that Kathleen Sebring Overlander was either a resident of or domiciled in Mahoning county.
 

 Where an extraordinary remedy is sought the allegations of the petition therefor should be clear and unequivocal. An illustration of the necessity for such clarity of pleading is to be found in the instant case wherein the relator is seeking a writ of prohibition to prevent the Probate Court of Cuyahoga county from proceeding to determine whether Kathleen Sebring Overlander at the time of her death was domiciled in Cuyahoga county, in the Probate Court of which county a lost, spoliated or destroyed will is sought to be established and admitted to probate.
 

 Bearing in mind the provision of Section 10509-1,
 
 supra,
 
 that “if the'will of any person is admitted to
 
 *391
 
 'probate
 
 in this state,
 
 letters testamentary or of administration shall be granted by the probate court
 
 in which such will was admitted to probate,”
 
 we proceed to a review of the statutes providing for the admitting of a will to probate.
 

 Section 10504-15, General Code, provides:
 

 “A will shall be admitted to probate;
 

 “1. In the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state; or
 

 “2. If the testator was not domiciled in this state at the time of his death, in any county of this state where any real or personal property of such testator is located, provided, however, that such will shall not theretofore have been admitted to probate in this state or in the state of his domicile. Intangible personal property, for the purpose of this section, shall be deemed to be located in the place where the instrument evidencing a debt, obligation, stock or chose in action is located, or if there is no instrument evidencing the debt, obligation or chose in action, where the debtor resides.
 

 “When a will is presented for probate, persons interested in its probate may contest the jurisdiction of the court to entertain the application. Before a hearing of a contest as to jurisdiction is had, all parties named in such will as legatees, devisees, trustees or executors shall have notice thereof in such manner as may be ordered by the court.”
 

 It is thus provided that a will shall be admitted to probate only in the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state. Therefore, if it be established by evidence that Kathleen Sebring Overlander at the time of her death was domiciled in Cuyahoga county, the probate court of that county obtained exclusive jurisdiction over the estate of the decedent, notwithstanding that the proceedings in the Probate Coürt of
 
 *392
 
 Cuyahoga county were instituted subsequent to the proceedings in Mahoning county. Even though the Probate Court of Mahoning county had jurisdiction in the first instance, yet the provisions of Section 10509-1, General Code, render that jurisdiction conditional. If the will of Kathleen Sebring Overlander is admitted to probate in Cuyahoga county, letters testamentary or of administration shall be granted only by the Probate Court of Cuyahoga county. A certified copy of the order of the Probate Court of Cuyahoga county admitting the will to probate when filed in the Probate Court of Mahoning county (after time for contest or appeal had elapsed), would terminate any jurisdiction over the estate by the Probate Court of Mahoning county. Of course the determination of domicile is not final. See Sections 10504-1, 10504-16 and 10509-21, General Code.
 

 It is to be observed that the provisions of Section 10509-1, General Code, do not require the will to be admitted to probate in the probate court of the county in which letters of administration have been granted. On the contrary, the provision is plain that if the will is admitted to probate
 
 in this state,
 
 letters testamentary or of administration
 
 shall be
 
 granted by the
 
 probate court in which such will was admitted to probate.
 

 It is strenuously argued on behalf of relator that the word “resident” in Section 10509-1, General Code, is to have the same meaning as the word “domiciled” in Section 10504-15, General Code. That this is not so is easily demonstrated. When the probate laws of Ohio were revised, consolidated and codified, effective January 1,1932,114 Ohio Laws, 320
 
 et seq.,
 
 Sections 10504-15 and 10509-1, General Code, were contained in the same act. Section 10504-15 provided that a will shall he admitted to probate only in the county in which the testator was domiciled at the time of his death, while Section 10509-1, General Code, provided: “Upon the
 
 *393
 
 ■death of an inhabitant of this state, letters testamentary, or letters of administration on his estate, shall be granted by the probate court'of the county in which he was an inhabitant or resident at the time he died. ’ ’
 

 In 120 Ohio Laws, 649
 
 et seq.,
 
 Sections 10504-15 and 10509-1, General Code, were amended in the same- act to read as at present provided. There can be no mistake that the General Assembly meant that a will was to be admitted to probate
 
 only
 
 in the county in which the testator was
 
 domiciled
 
 at the time of death, while an administrator of an estate of an
 
 intestate
 
 leaving property might be appointed by the probate court of the county in which the decedent was a
 
 resident
 
 at the time of death.
 

 In relator’s petition it is alleged:
 

 ‘ ‘
 
 On September 13, 1946, H. Melvin Roberts filed in the Probate Court of Cuyahoga county, Ohio, an application for a citation against relator herein to produce an alleged last will and testament of Kathleen Sebring Overlander, said citation marked Exhibit A and made part hereof, having been directed to and served upon relator in Ills individual capacity.”
 

 As will be noted from the quotations of Section 10504-10, General Code, the Probate Court of Cuyahoga county has exclusive jurisdiction of a proceeding under that section, if it be established that the decedent was domiciled in Cuyahoga county at the time of her death.
 

 Section 10504-10, General Code, provides:
 

 “If real or personal estate be devised, or bequeathed, by a last will, the executor, or any person interested therein,
 
 may cause it to be brought before the probate court of the county in which the decedent was domiciled.
 
 By citation, attachment or warrant, or, if circumstances require it by warrant or attachment in the first instance, such court may compel the person having the custody or control of such will, to produce it
 
 *394
 
 before tbe court for tbe purpose of being proved.” (Italics ours.)
 

 Section 10504-11, General Code, provides:
 

 “Tbe process mentioned in tbe next preceding section may be issued into any county in tbe state, and shall be served and returned by the sheriff, or other officer to whom it is delivered.”
 

 Belator’s petition as amended discloses that the proceedings in the Probate Court of Cuyahoga county were instituted by H. Melvin Boberts who claims that he was appointed as 'executor of the will of Kathleen Sebring Overlander. Such amended petition shows that there was filed in the Probate Court of Cuyahoga county a verified application and petition alleging that “Kathleen Sebring Overlander was a resident of the city of East Cleveland and county of Cuyahoga, and was domiciled therein.”
 

 With the sworn application before him that at the time of her death Kathleen Sebring Overlander was domiciled in Cuyahoga county, there was a clear legal duty resting upon respondent to proceed *to determine whether or not. such allegation of domicile was true. If true, no court other than the Probate Court of Cuyahoga county would have jurisdiction over the matters hereinabove referred to.
 
 /
 

 Belator’s amended petition also contains the following allegations:
 

 “On September 24, 1946, relator appeared specially in said proceeding, the same being case No. 387241 in the Probate Court of Cuyahoga county, Ohio, by filing an objection to the jurisdiction of said Probate Court of Cuyahoga county, Ohio, a motion to dismiss or strike said citation from the files and a motion to dismiss all of the proceedings in that court.
 

 “On October 3, 1946, II. Melvin Boberts filed in the Probate Court of Cuyahoga county, Ohio, an application to probate a copy of an alleged lost, spoliated or
 
 *395
 
 destroyed last will and testament of Kathleen Sebring Overlander.
 

 “On November 19, 1946, relator, again appearing specially, filed an objection to the jurisdiction of the Probate Court of Cuyaboga county, Ohio, a motion to dismiss or strike said application from the files and a motion to dismiss all of the proceedings in that court. On the same date the Probate Court of Cuyaboga •county, Ohio, being fully advised of the pendency of the proceedings in Mahoning county, but notwithstanding the pendency of said proceedings, overruled all of relator’s objections and motions as a matter of law and ordered the cause to proceed by the taking of testimony bearing on the question of domicile of Kathleen Sebring Overlander. Belator says that defendant will proceed to try said cause .unless prohibited by this court.”
 

 As a part of relator’s petition, made so by stipulation, is the following:
 

 *1
 
 State of Ohio :
 

 : ss.
 

 *
 
 ‘ Cuyaboga County:
 

 “In the Matter of the Probate of the last Will of Kathleen Sebring Overlan•der
 

 In the Probate Court No. 387,241
 

 Application to probate copy of the lost, spoliated or destroyed Last Will of Kathleen Sebring Over-lander.
 

 “The applicant respectfully represents to this court that on the 19th day of January, 1946, Kathleen Sebring Overlander was a resident in the city of East Cleveland and county of Cuyaboga, and was domiciled therein, and she died on said date in said county leaving an estate therein.
 

 “That theretofore on the 19th day of October, 1944, the said Kathleen Sebring Overlander made, sub
 
 *396
 
 scribed, acknowledged and published her Last Will and Testament which said will was duly signed and attested by two witnesses and executed by said Kathleen Sebring Overlander duly and according to law.
 

 “That said will was unrevoked, at the date of the death of said testatrix, but that said will has been lost, spoliated or destroyed.
 

 “The petitioner says that there is a carbon copy of said will and that a photostatic copy of the copy of said will is attached hereto.
 

 “The petitioner was appointed as the executor of said will.
 

 “Your petitioner further represents that said Kathleen Sebring Overlander died leaving Arlington M. Overlander as her surviving spouse whose address is 345 West Ohio Avenue, Sebring, Ohio; and the following named persons her next of kin known'to be a resident of this state, Phyllis Crook, East Liverpool, Ohio, who is a half sister of the deceased mother of Kathleen Sebring Overlander, and Pearl S. Taylor, Hazel S. Cliff, ’ and Wilda Sebring whose address is Burbank, California, whose relationship to Kathleen Sebring Overlander is not known to the petitioner.
 

 “The petitioner further represents that he has no knowledge of any person whose interest it may be to resist the probate, and known to reside in the county where the testatrix resided at the time of her death or elsewhere.
 

 “Wherefore, this petitioner prays that said will may be established and admitted to probate and record.” (Signed and sworn to before a notary public.)
 

 Section 10504-35, General Code, provides:
 

 “The probate court may admit to probate a last will and testament which it is satisfied was executed according to the provisions of law in force at the time of its execution, and not revoked at the death of the testator, when such original will was lost, spoliated or
 
 *397
 
 destroyed subsequent to tbe death of such testator, or after he became incapable of making a will by reason of insanity, or before the death of such testator if testator’s lack of knowledge of such loss, spoliation or destruction can be proved by clear and convincing testimony, and it cannot be produced in court in as full, ample and complete a manner as the court now admits to probate last wills and testaments, the originals of which are actually produced therein for probate.”
 

 Summarizing:
 

 (A) Upon the death of a resident of this state, intestate, letters of administration of his or her estate shall be granted by the probate court of the county in which he or she was a resident at the time of death.
 

 (B) A will shall be admitted to probate only in the county in which the testator was domiciled if at the time of his death he was domiciled in this state.
 

 (C) The production of a last will may be enforced only by the probate court of the county in which testator was domiciled at the time of death.
 

 (D) A lost, spoliated or destroyed will may be established and admitted to probate only in the county in which the testator was domiciled at the time of death.
 

 (E) The jurisdiction of a probate court acquired under Section 10509-1, General Code, is conditional and subject to the exclusive jurisdiction of a probate court, of another county later acquired under Section 10504-15, General Code.
 

 (F) Section 10509-1, General Code, is not in conflict with Section 10504-15, General Code. Section 10509-1, General Code, applies only to intestate estates and requires residence only, while Section 10504-15, General Code, applies to testate estates and requires that, testator be domiciled at time of death within the jurisdiction of the probate court in which the will is offered for probate.
 

 (G) The term “resident” as used in Section 10509-1,
 
 *398
 
 General Code, is not synonymous with the term
 
 1 ‘
 
 domiciled” in either Section 10504-10 or Section 10504-15, General Code.
 

 If the evidence before respondent establishes that Kathleen Sebring Overlander was domiciled in Cuyahoga county at the time of her death and left a last will, the proceedings in the Probate Court of Cuyahoga county will be exclusive of the jurisdiction of any other probate court in the state. We certainly will not issue a writ to prevent respondent from performing his clear legal duty, which would be the effect if relator were granted a writ of prohibition in this case.
 

 We do not decide
 
 where
 
 Kathleen Sebring Over-lander was domiciled.at the time of her death. Such question is not before us. However, it may be observed that in the oft-cited case of
 
 Cheever
 
 v.
 
 Wilson et al.,
 
 9 Wall., 108, 19 L. Ed., 604, Mr. Justice Swayne ■said: “It is insisted that Cheever never resided in Indiana; that the domicile of the husband is the wife’s, and that she cannot have a different one from his. The •converse of this latter proposition is so well settled that it would be idle to discuss it. The rule is that she may acquire a separate domicile whenever it Is necessary or proper that she should do so. The right springs from the necessity for its exercise, and endures as long as the necessity continues.” See
 
 Van Fossen
 
 v.
 
 State,
 
 37 Ohio St., 317, 320; Restatement— Conflict of Laws 51, Section 28. In Volume 2, Page on Wills (Lifetime Ed.) 73, Section 572, it is said: * * the courts of the United States hold that she [a wife] may acquire a separate domicile for the purpose of probating her will and administering her estate. ’ ’
 

 It will be noted that Section 10504-15, General Code, provides that any person interested in the probate of a will may contest the jurisdiction of the court to entertain an application to probate a will.
 

 
 *399
 
 Relator lias relied strongly upon the case of
 
 State, ex rel. Taylor, Admr.,
 
 v.
 
 Gregory, Judge,
 
 122 Ohio St., 512, 172 N. E, 365. That case has no application here for the reason that it involved the appointment'hy different probate courts of
 
 administrators.
 
 It did not involve the questions of the production of a will, or the admission to probate *of a will, or the establishing and admitting to probate of a lost, spoliated or destroyed will. The question of domicile is not mentioned in that
 
 per curiam
 
 opinion.
 

 It follows, therefore, that the demurrer of respondent should be and hereby is sustained.
 

 As the facts set forth in relator’s petition and the stipulated amendment thereof, disclose that no further amendment could be made whereunder this court would issue a writ of prohibition against relator proceeding to have determined whether Kathleen Sebring Overlander was domiciled in Cuyahoga county at the time of her death, final judgment will be entered for-respondent.
 

 Demurrer sustained and ivrit
 
 denied„
 

 "YVeygandt, C. J., Matthias and Zimmerman, JJ., concur.
 

 Bell, J., dissents.
 

 Hart and Sohngen, JJ., not participating.