**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 369.]**

**THE STATE EX REL. LEE, APPELLANT, *v.* TRUMBULL COUNTY PROBATE COURT, APPELLEE.**

**[Cite as *State ex rel. Lee v. Trumbull Cty. Probate Court*, 1998-Ohio-51.]**

*Prohibition action to prevent probate court from proceeding with the administration of an estate erroneously dismissed under Civ.R. 12(C) by court of appeals, when—Cause remanded to court of appeals for further proceedings, including the submission of evidence and briefs.*

(No. 98-411—Submitted August 19, 1998—Decided October 14, 1998.)

APPEAL from the Court of Appeals for Trumbull County, No. 97-T-0150.

---

**{¶ 1}** In 1990, Florence J. Isaly moved from Trumbull County, Ohio, to West Bloomfield, Michigan, to live with her son, appellant, Fletcher Orlan Lee, a.k.a. Orlan Lee. While there, Isaly entered into a land installment contract for Michigan real estate. Isaly and her son subsequently moved to Hong Kong.

**{¶ 2}** In 1995, Isaly died in Hong Kong. The Supreme Court of Hong Kong, High Court, Probate Jurisdiction, which assigned a net value to Isaly's estate of five hundred dollars, admitted Isaly's will to probate and appointed Lee executor of his mother's estate. The Hong Kong court determined that Isaly was domiciled in Hong Kong when she died, and her will was proved and registered in that court.

**{¶ 3}** After appellee, Trumbull County Court of Common Pleas, Probate Division ("probate court"), appointed attorney Douglas J. Neuman special administrator of Isaly's estate, Neuman brought an action in California to determine the ownership of California property Isaly owned at the time of her death. Neuman subsequently applied to be appointed a full administrator of Isaly's estate.

**{¶ 4}** In June 1997, the probate court granted the application and appointed Neuman administrator of Isaly's intestate estate. The probate court concluded:

"Based upon the evidence and briefs filed by the parties, the Court finds that outside of these proceedings, the only administration of the decedent's estate pending is in Hong Kong where the gross value of the estate is $500.00. Additional property remains in the decedent's name in Ohio and no other estate has been filed in Ohio or any other state. An estate proceeding is necessary in order to deal with the property which remains in the name of the decedent in order for those assets to be administered.

"The Court finds that it has jurisdiction over the decedent's assets in that the decedent was domiciled in the state of Ohio at the time of her death. The evidence established that the decedent resided in Trumbull County throughout most of her life, her husband established his business in Trumbull County, and her children attended Trumbull County schools. She executed a will and other legal documents and conducted her business affairs in Trumbull County. Even after she left the area, the decedent maintained contact with her lifelong friends in the Trumbull County area. She held funds in local bank accounts and continued to maintain her membership in the local temple. The decedent's husband is buried in Trumbull County, and she made arrangements to be buried beside him in a gravesite with a shared headstone."

**{¶ 5}** Neuman thereafter advised Lee that he felt Isaly's will was defective and that the assets remaining in Isaly's name needed to be transferred. Lee filed an action in Massachusetts to obtain assets located in that state that had been owned by Isaly.

**{¶ 6}** In 1997, Lee filed a complaint in the Court of Appeals for Trumbull County for a writ of prohibition to prevent the probate court from proceeding with the administration of Isaly's estate. The court of appeals initially stayed any pending proceedings in the probate court, but subsequently modified the stay to permit Neuman to "take any steps necessary to protect the interests of the estate in the Massachusetts proceedings." The probate court filed an answer to Lee's

prohibition complaint and subsequently filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

**{¶ 7}** The court of appeals converted the probate court's motion to dismiss to a motion for judgment on the pleadings, granted the motion, and entered judgment in favor of the probate court.

**{¶ 8}** This cause is now before the court upon an appeal as of right and Lee's request for oral argument.

---

*Harrington, Hoppe & Mitchell, Ltd., Robert S. McGeough* and *Angela M. Battaglia*; *Dinsmore & Shohl, L.L.P., Wiley Dinsmore* and *Mark A. Vander Laan*, for appellant.[1]

*Dennis Watkins*, Trumbull County Prosecuting Attorney, and *LuWayne Annos*, Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.***

Oral Argument

**{¶ 9}** Lee requests oral argument "pursuant to the terms and provisions of" S.Ct.Prac.R. IX(2)(B).

**{¶ 10}** We deny Lee's request for the following reasons. First, S.Ct.Prac.R. IX(2) does not mandate that the court order oral argument in this case. S.Ct.Prac.R. IX(2)(A) provides that in "an appeal that is not scheduled for oral argument pursuant to Section 1 of this rule, the Supreme Court *may* order oral argument on the merits either sua sponte or in response to a request by any party." (Emphasis added.) Second, Lee neither established nor asserted any of the usual factors that might warrant oral argument. See *State ex rel. McGinty v. Cleveland City School*

1. After McGeough and Battaglia filed Lee's merit brief, they filed a motion to withdraw as Lee's counsel, and Dinsmore and Vander Laan filed a motion to substitute themselves as Lee's counsel. We grant both motions.

*Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 287, 690 N.E.2d 1273, 1276. Third, Lee does not even specify why oral argument would be beneficial here.

**{¶ 11}** Based on the foregoing, we proceed to the merits of Lee's appeal.

Prohibition

**{¶ 12}** Lee asserts in his propositions of law that the court of appeals erred in granting the probate court's motion for judgment on the pleadings and dismissing his prohibition action. The court of appeals converted the probate court's untimely Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted to a Civ.R. 12(C) motion for judgment on the pleadings. See *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 592, 635 N.E.2d 26, 28.

**{¶ 13}** In order to be entitled to dismissal under Civ.R. 12(C), it must appear beyond doubt that Lee can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in Lee's favor. *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 136, 684 N.E.2d 1222, 1224.

**{¶ 14}** Lee requested a writ of prohibition, which required him to establish that the probate court is about to exercise judicial power, that the exercise of that power is unauthorized by law, and that denial of the writ will cause injury for which no other legal remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court* (1997), 77 Ohio St.3d 447, 448, 674 N.E.2d 1381, 1382. Lee sufficiently alleged that the probate court had exercised jurisdiction by appointing Neuman administrator of Isaly's estate and that it was continuing to exercise jurisdiction over the administration of the estate.

**{¶ 15}** Regarding the remaining requirements for a writ of prohibition, the general rule is that absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State*

*ex rel. Kaylor v. Bruening* (1997), 80 Ohio St.3d 142, 144-145, 684 N.E.2d 1228, 1231. If, on the other hand, the inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie to prevent the unauthorized exercise of jurisdiction as well as to correct the results of previous jurisdictionally unauthorized actions. *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236, 238.

**{¶ 16}** Because the probate court is a court of limited jurisdiction, probate proceedings are restricted to those actions permitted by statute and by the Constitution. *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303, 1306; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708, paragraph one of the syllabus. Under R.C. 2101.24(A)(1)(b) and (c), probate courts have general, exclusive jurisdiction "[t]o grant and revoke letters testamentary and of administration" and "[t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." These provisions, however, do not bestow specific subject-matter jurisdiction to administer Isaly's estate here.

**{¶ 17}** In this regard, the probate court claimed in its dismissal motion that it had properly assumed jurisdiction over Isaly's estate pursuant to R.C. 2107.11 and 2113.01. But neither of these statutes confers jurisdiction on the probate court to administer Isaly's estate. R.C. 2107.11 does not apply because it merely addresses the jurisdiction of probate courts to probate a will. The probate court specifically found that Isaly died intestate. R.C. 2113.01 does not apply because it empowers the probate court to grant letters of administration only "[u]pon the death of a *resident* of this state intestate." (Emphasis added.) Despite the probate court's contention that Isaly was domiciled in Trumbull County at the time of her death, this is irrelevant for purposes of R.C. 2113.01 because "domicile" is not synonymous with "residence." See *State ex rel. Overlander v. Brewer* (1947), 147 Ohio St. 386, 397-398, 34 O.O. 338, 343, 72 N.E.2d 84, 90; *In re Guardianship of*

*Fisher* (1993), 91 Ohio App.3d 212, 215, 632 N.E.2d 533, 535. It is uncontroverted here that Isaly was a resident of Hong Kong at the time of her death.

**{¶ 18}** The court of appeals did not rely on either of the statutes cited by the probate court in its motion to dismiss. Instead, the court of appeals held that because the probate court "found that assets of the estate in question were located within Trumbull County, its exercise of jurisdiction was warranted * * *." The court of appeals relied on our decision in *Howard v. Reynolds* (1972), 30 Ohio St.2d 214, 59 O.O.2d 228, 283 N.E.2d 629.

**{¶ 19}** The court of appeals erred in holding that the probate court's jurisdiction was warranted based on *Howard*. In *Howard*, 30 Ohio St.2d at 215, 59 O.O.2d at 228, 283 N.E.2d at 630, we expressly limited the scope of the Ohio probate court's jurisdiction to proceed with the administration of a nonresident, nondomiciliary's estate to property located in Ohio:

"It is abundantly clear that '*the power to regulate the transmission, administration, and distribution of * * * personal property on the death of the owner rests with the state of its situs* * * *.' * * * Accordingly, this state, as the situs state, may either transfer the property to the jurisdiction of the domicile state for probate or subject it to its own administration and processes." (Emphasis added.)

**{¶ 20}** Similarly, R.C. 2129.04 provides that probate court jurisdiction in ancillary administration proceedings of nonresident decedents extends only to Ohio property:

"*When a nonresident decedent leaves property in Ohio, ancillary administration proceedings may be had upon application of any interested person in any county in Ohio in which is located property of the decedent*, or in which a debtor of such decedent resides. Such applicant may or may not be a creditor of the estate. *The ancillary administration first granted shall extend to all the estate*

*of the deceased within the state*, and shall exclude the jurisdiction of any other court." (Emphasis added.)

**{¶ 21}** Therefore, neither *Howard* nor R.C. 2129.04 permits an Ohio probate court to exercise jurisdiction over an intestate decedent's non-Ohio property. The probate court here concluded that Isaly, a nonresident, had died intestate but granted full administrative powers to Neuman, permitting the court to exercise jurisdiction over Isaly's non-Ohio property, *e.g.*, Isaly's Michigan, California, and Massachusetts property.

**{¶ 22}** Based on the foregoing, after construing the allegations of Lee's prohibition complaint and all reasonable inferences therefrom most strongly in his favor, it does not appear beyond doubt that he can prove no set of facts warranting the requested relief. It is possible that Lee could prove a set of facts entitling him to a writ of prohibition insofar as the probate court is attempting to exercise jurisdiction over Isaly's non-Ohio property because it might patently and unambiguously lack such jurisdiction.

**{¶ 23}** Lee also argues that the court of appeals erred in dismissing his prohibition action because the probate court patently and unambiguously lacks jurisdiction over Isaly's estate due to the prior Hong Kong proceeding. Lee contends that comity requires that the probate court acknowledge the Hong Kong proceeding.

**{¶ 24}** Lee's latter argument lacks merit. Comity, which refers to an Ohio court's recognizing a foreign decree, is a matter of courtesy rather than of right. *Carlin v. Mambuca* (1994), 96 Ohio App.3d 500, 506, 645 N.E.2d 737, 740; *State v. Ramos* (1987), 41 Ohio App.3d 88, 90, 534 N.E.2d 885, 887; *Yoder v. Yoder* (1970), 24 Ohio App.2d 71, 72, 53 O.O.2d 193, 194, 263 N.E.2d 913, 914. In addition, Ohio need not give full faith and credit to wills proved and allowed in foreign countries. Cf. R.C. 2129.06 and 2129.07; see, generally, 1 Maag, Troy, & Barlow, Ohio Probate Practice and Procedure 1998 (1997) 439, Section 25.01; see,

also, *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369, where we held that under R.C. 3107.18, a state probate court need not recognize a foreign adoption decree if the decree is repugnant to Ohio laws. Lee is also not entitled to application of the jurisdictional priority rule based on the Hong Kong proceeding because the rule applies only to *state* courts of concurrent jurisdiction. See *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 151, 684 N.E.2d 1234, 1236.

**{¶ 25}** Accordingly, because the court of appeals did not consider the merits of Lee's prohibition action when it erroneously dismissed it under Civ.R. 12(C), we reverse its judgment and remand the cause to the court of appeals for further proceedings, including the submission of evidence and briefs. This comports with the general rule that reversal of a court of appeals' erroneous dismissal of a complaint requires a remand for further proceedings. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410-411, 686 N.E.2d 1126, 1128, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---