I agree that the judgment ought to be affirmed. In my view, the County did not establish that it was entitled to statutory immunity pursuant to R.C. 2744.02 (A) (1) because it did not show either that it was engaged in a governmental function to which immunity attached and/or that it was not engaged in a proprietary function. Inasmuch as this question was presented by way of a motion for judgment on the pleadings, we have before us only the sparse allegations contained in the parties' pleadings. They are that Ms. Kardos was a patient at MetroHealth Center for Skilled Nursing, that an employee improperly set the temperature of the bath and improperly transferred Ms. Kardos into the bath and thereafter failed to monitor her, and that Ms. Kardos suffered injuries as a result. We have no information, however, describing the nature of the services provided by the defendant's facility. The parties' pleadings do not otherwise address whether the County was engaged in either a governmental or a proprietary function. We have no documentary evidence that might illuminate whether the County was engaged in either a governmental or a proprietary function. I do not believe, therefore, that this record is sufficient to permit us to make an informed and definitive declaration as to whether the County was engaged in either a governmental or a proprietary function.
Before the County could obtain a judgment on the pleadings, it had to appear beyond doubt that the plaintiff could prove no set of facts warranting the requested relief, after we construe all material factual allegations in the complaint and all reasonable inferences in plaintiff's favor. State ex rel. Lee v. TrumbullCty. Probate Court (1998), 83 Ohio St.3d 369, 372. With the allegations in the plaintiff's complaint accepted as true, it is conceivable that the County may be liable under R.C. 2744.02 (B) (2). Alternatively, it is also conceivable that the County may be liable under R.C. 2744.02 (B) (4) and/or R.C. 2744.02 (B) (5). Because there may exist a set of facts that would entitle the plaintiff to recover from the County, I agree that the trial court correctly denied the County's motion for judgment on the pleadings.