JOURNAL ENTRY AND OPINION
Appellant Bridgette Chapman,[1] appeals the decisions of the Cuyahoga County Common Pleas Court, Probate Division, that denied her motions (1) to reopen the estate of Susie Chapman; (2) to stay proceedings commenced in the Cleveland Municipal Court; and (3) to show cause.
A review of the record reveals that Susie Chapman died on October 21, 1983, survived by a daughter, Bridgette Chapman, whose date of birth is April 12, 1969. Bridgette was a minor at the time of her mother's death but apparently was living in Tennessee. In her last will and testament, decedent bequeathed her entire estate to her daughter in trust, requesting that her niece, Deborah Sheppard, be appointed as trustee. According to the terms of the trust, the trustee had discretionary power to disburse funds as necessary for Bridgette's support, maintenance and education until Bridgette was twenty-five years old at which time she would receive the corpus of the trust. The record, however, does not contain any evidence that Ms. Sheppard, or anyone else for that matter, was appointed as trustee or that a trust was established and funded with assets of decedent's estate. Nor is there any evidence to support that a guardian had been appointed in this state or any other state for Bridgette during her minority.
The administration of decedent's estate progressed, with attorney Marvin Hersch (Hersch) appointed as executor as nominated in decedent's will. Hersch filed an inventory listing personal property valued at $19,008.24 and real property valued at $40,750.00. Hersch later filed a motion to correct the inventory to delete non-probate assets totaling $17,420.29[2] from decedent's personal property, which the probate court granted. Hersch thereafter filed, and the court approved, four partial accounts in each of the years 1984, 1985, 1986 and 1987. A final and distributive account was filed in January 1989 and approved by the probate court on March 13, 1989.
Appellant moved to vacate this account in March 1990 on the basis that the executor had mismanaged assets of the estate. In particular, it was alleged that the executor failed to include rental income generated from decedent's real property during the estate's administration and that the executor failed to transfer non-probate assets according to their beneficiary designations. More than a year later, on May 8, 1991, the probate court vacated the account filed by Hersch and removed him as executor. He was ordered to file an amended final account as to his administration, which he did. He included in his amended account the income from the rental property as well as some of the non-probate assets. There is no entry as to whether this account had been approved nor does the record reflect that a successor executor was ever appointed.
Counsel for appellant filed a motion to surcharge attempting to recover the funds allegedly belonging to the estate as a result of Hersch's mismanagement. The parties eventually reached a settlement as to the monies owed by Hersch. In a March 2, 1992 entry addressing this settlement, the court ordered Hersch to pay $16,800 to the estate as agreed in the settlement. The motion to surcharge was then dismissed. No further accounts were filed in the estate so there is no record as to whom and in what capacity Hersch paid these funds, although it is undisputed that he did eventually pay this amount.
There was no further action in this estate until May 2000 when counsel for appellant filed the three motions at issue in this appeal; to wit, motions to (1) show cause; (2) stay proceedings in Cleveland Municipal Court; and (3) reopen the estate. The court held a hearing on the motions on June 12, 2000. Appellant claimed that she was entitled to relief on the basis that Hersch collected proceeds from a default judgment rendered in April 1988 upon a civil suit instituted in Cleveland Municipal Court by a property management firm and that these proceeds are rightfully part of the estate. The probate court denied all three motions without elaboration.
Appellant is now before this court and assigns three errors for our review, each challenging the probate court's denial of the three motions. Hersch filed a motion to dismiss the appeal, which we will discuss first.
 I.
Article IV, Section 3 of the Ohio Constitution governs the jurisdiction of an appellate court and provides, in relevant part:
 Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders * * *.
R.C. 2505.02 defines a final order and provides, in relevant part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the actions and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
In his motion to dismiss, Hersch does not argue that the probate court's orders are not final or that this court is without jurisdiction to review these orders. On the contrary, he addresses the merits of appellant's appeal and contends that there is no basis for the relief that appellant seeks. We can construe the arguments raised in Hersch's motion to dismiss as his opposition to appellant's arguments on appeal. There is no basis, however, for the appeal to be dismissed because of a lack of a final appealable order.
While the granting of a motion to reopen an estate has been held to be a non-final order and therefore incapable of immediate review, see, e.g., In the Matter of Estate of Neibarger (Nov. 5, 1990), Knox App. No. 90-CA-17, unreported, 1990 Ohio App. Lexis 5106, the same cannot be said of an order denying the reopening of an estate. If funds belonging to a closed estate are newly discovered, those funds need to be collected by one with authority to do so and subsequently distributed to the heirs according to law. As such, the denial of a motion to reopen an estate can effectively deny the right of the heirs to receive estate assets. Consequently, an order denying a motion to reopen an estate is a final order under R.C. 2505.02(B)(1) and is therefore capable of immediate review.
The same is true of the order denying appellant's motion to show cause why Hersch should not be held in contempt of court. In that motion, appellant alleges that Hersch continued to act in a fiduciary capacity after his removal and in that capacity collected funds belonging to the estate. In general, there is no right of appeal from the dismissal of a contempt motion unless the party making the motion is prejudiced by the dismissal. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 17; see, also, State ex rel. Boston v. Tompkins (Sept. 30, 1996), Franklin App. No. 96APEO4-429, unreported, 1996 Ohio App. Lexis 4287. Prejudice results in this case because the dismissal prevents a finding that Hersch acted without authority and in contravention of the court's order of removal thereby effectively shielding assets of the estate. Consequently, the order of the probate court denying appellant's motion to show cause is likewise a final appealable order capable of immediate review by this court.
As for the order denying appellant's motion to stay proceedings, our analysis is somewhat different. Ordinarily, an order denying a stay of proceedings is a provisional remedy and not immediately reviewable because the appealing party can seek review upon final judgment. See Cleveland v. Zakaib (Oct. 12, 2000), Cuyahoga App. Nos. 76928, 76929 76930, unreported, 2000 Ohio App. Lexis 4756; see, also, R.C. 2505.02(B)(4). In this case, however, appellant has requested the probate court to stay proceedings taking place in a municipal court. Without offering an opinion as to whether a probate court has such authority at this time, the final judgment in this case would not stem from the same proceedings thereby precluding the meaningful or effective remedy envisioned by R.C.2505.02(B)(4)(b). Consequently, the denial of appellant's motion to stay proceedings, under the facts of this case, is a final appealable order.
The motion to dismiss is denied.
 II.
A. Motion to Reopen Estate
In her first assignment of error, appellant contends that it was error for the trial court to deny her motion to reopen the estate. Succinctly, appellant requests the probate court reopen the estate and reappoint Deborah Sheppard as executor. Our review of the record, however, reveals that Deborah Sheppard was never appointed successor executor[3] nor was anyone else for that matter appointed to succeed in the administration of the estate. Because there was no successor fiduciary appointment, there was no accounting to the probate court as to the distribution of settlement proceeds or of any of the remaining assets of the estate. Thus, we find that the probate court's order denying appellant's motion to reopen the estate was properly denied but only because the estate remains open.
Accordingly, appellant's first assignment of error is without merit and is overruled.
B. Motion to Stay Cleveland Municipal Court Proceedings
In her second assignment of error, appellant contends that it was error for the probate court to deny its motion to stay the municipal court proceedings. We disagree.
Appellant presents no argument as to this assignment of error but merely incorporates the argument raised under her first assignment of error claiming that the issues are identical. We think not. The authority under which a probate court can stay proceedings in another court and its authority to reopen an estate cannot be more dissimilar. These two issues present two very different arguments and thus should be argued separately. Appellant's failure to do so permits this court to disregard this assignment of error. See App.R. 12(A)(2) and 16(A)(7).
In the interests of justice, however, we will address this error to the extent that we can follow appellant's argument. It appears that appellant is claiming that the probate court has the power to stay proceedings in a municipal court merely because those proceedings, however tangential, affect the administration of the estate of Susie Chapman.[4]
A probate court is a court of limited jurisdiction and that jurisdiction is defined by statute or the Ohio Constitution. In re Lombardo(1999), 86 Ohio St.3d 600, 605 citing State ex rel. Lee v. Trumbull Cty. Probate Court (1998), 83 Ohio St.3d 369, 372. Inherent within a court's jurisdiction, and essential to the orderly and efficient administration of justice, is the power to grant or deny stays. See Landis v. N. American Co. (1936), 299 U.S. 248, 254, 57 S.Ct. 163, 166,81 L.Ed. 153, 158; see, also, State v. Hochhausler (1996),76 Ohio St.3d 455, 464. Sostre v. McFaul (June 29, 2000), Cuyahoga App. No. 77930, unreported, 2000 Ohio App. Lexis 3047. There is no authority, however, to stay proceedings in another court over which the court attempting to exercise its staying power has no jurisdiction in the first instance. See, generally, R.C. Chapter 2101.
Accordingly, appellant's second assignment of error is without merit and is overruled.
C. Motion to Show Cause
In her third assignment of error, appellant claims that the probate court erred when it denied her motion to show cause as to why Hersch should not be held in contempt of court for misappropriating funds belonging to the estate of Susie Chapman. In particular, appellant claims that Hersch continued to act as executor of the estate of Susie Chapman after he had been removed by the probate court and in that capacity collected funds belonging to the estate.[5] The record does not support appellant's argument.
It appears from the state of the record before us that Hersch was the legal representative for HKS Realty Company, a property management firm that collected rents for the decedent's rental property. Claiming it was an agent for the estate, HKS Realty filed suit in that capacity in December 1987 in Cleveland Municipal Court against a Willie Williams (Williams), an adjoinging property owner, for the recovery of utility payments.[6] As far as can be ascertained from the record before this court, it appears that Williams and the decedent shared a water meter with one other adjoining property owner and that Williams allegedly owed decedent's estate money for the unequal payment of water services. When Williams failed to answer or otherwise plead in the municipal court case, a default judgment was rendered against him in March 1988 in the amount of $2,200.00. The parties to that suit eventually settled and the record reflects that this judgment was fully satisfied in March 1998. It is these settlement proceeds that appellant claims Hersch collected as fiduciary for the estate and neglected to include as assets of the estate.
The record does not support, however, that Hersch acted as fiduciary for the estate in bringing suit against Willie Williams. The named plaintiff was HKS Realty. While bringing suit in this manner may have been inappropriate, any settlement obtained was between HKS Realty and Williams. Appellant's recourse, if any, would be against HKS Realty. Hersch was not entitled to nor did he receive any funds as a result of the settlement of this lawsuit.
Accordingly, appellant's third assignment of error is without merit and is overruled.
 III.
In conclusion, we find that the record does not support that the estate of Susie Chapman has been fully administered after the removal of Hersch as executor and, as such, remains open. Appellant, Deborah Sheppard or any other person interested in the estate is therefore free to file an application to be appointed to succeed in the administration of decedent's estate. See R.C. 2109.26. Moreover, appellant is likewise free to file a civil action for concealment of assets under R.C. 2109.50 if she so desires. If appellant is not appointed to succeed in the administration of the estate and she disagrees with the final account when it is filed, she can except to that account at the appropriate time under R.C.2109.33.
We are compelled to express our concern about the administration of this estate, not only by the attorneys involved but, in certain instances, by the probate court. The function of the probate court is to insure that decedent's property passes to the heirs according to the decedent's last will and testament or the laws of intestacy as the case may be. From the state of the record before this court, we are unable to discern whether Bridgette received any property from her mother's estate. As a minor at the time of her mother's death it does not appear that her interests were adequately protected. The record does not reveal that a guardian was ever appointed to protect her or her assets or that the testamentary trust was ever established and property transferred into that trust. The record further does not support that she received notice of the filing of the inventory or accounts.
Equally troubling is the fact that no successor fiduciary for the estate was ever appointed to succeed in the administration of the estate after Hersch was removed. Without a fiduciary appointment, there was no representative of the estate with authority to receive the subsequent settlement proceeds, distribute them to the heirs or account to the probate court. Consequently, there is no record that Bridgette received any of these funds.
We are aware that the probate court is an extremely busy court. Its caseload is largely transactional in nature and therefore lacks, to some extent, the continuity enjoyed by other courts. However, regardless of the level of competence exhibited by the attorneys involved in this case, it appears that the probate court failed to follow some of its own procedures to insure that decedent's wishes were carried out.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Probate Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE:
KENNETH A. ROCCO, J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] On appeal, counsel merely refers to appellant and does not identify the party he represents by name. Indeed, the motions filed by this same counsel that serve as the subject of this appeal named both Bridgette Chapman and Deborah Sheppard as the movants. We will, nonetheless, address the appealing party in the singular rather than plural form since Deborah Sheppard's interest in this litigation is limited to her nomination as trustee under a testamentary trust to be established according to decedent's will. The record before us does not evidence that such a trust was ever established and, even if it had been so established, it would have terminated by its very terms by the time of the filing of the instant motions.
[2] These assets consisted of either trustee or payable-on-death accounts, which are not properly included as probate assets. In one instance, one account listed had been closed prior to the death of decedent.
[3] Under the terms of decedent's will, Deborah Sheppard was nominated to serve as a successor executor in the event Hersch was unable or unwilling to serve in that capacity.
[4] While the record supports that the judgment obtained in this case was fully satisfied in March 1998, a subsequent judgment for attorney fees under Civ.R. 11 was rendered against counsel for appellant in April 1998. An appeal of the subsequent judgment to this court was dismissed for lack of standing. See HKS Realty Co. v. Williams (July 8, 1999), Cuyahoga App. No. 74390, unreported, 1999 Ohio App. Lexis 3251. Garnishment proceedings remain pending in the municipal court.
[5] Appellant also appears to argue that Hersch mishandled non-probate assets by failing to turn these assets over to the named beneficiary. While Hersch included some of these assets in his amended final account after the probate court corrected the inventory to delete these assets, such assets are not probate assets and therefore not properly accountable to the probate court in the ordinary course of administering an estate.
[6] The case filed in Cleveland Municipal Court is captioned HKS Realty Co. v. Willie Williams, Case No. 87 CVF 39746.