DECISION.
{¶ 1} Plaintiff-appellant Yawei Zhao appeals the judgment of the Hamilton County Common Pleas Court dismissing his amended complaint for legal separation because of a pending action for divorce in China. Zhao raises five assignments of error for our review. For the reasons that follow, we reverse the judgment of the trial court and remand this case for further proceedings.
I. FACTS
{¶ 2} Zhao and defendant-appellee Qin Qian Zeng were married on May 16, 1997, in Shanghai, China.[1] In September 1999, Zeng came to Cincinnati, Ohio, on a temporary student visa to pursue a doctorate decree in engineering at the University of Cincinnati. In March 2000, Zhao joined her as a dependant spouse.
{¶ 3} On January 30, 2001, Zeng filed a petition for a domestic-violence protection order in the trial court. On February 9, 2001, Zeng and Zhao entered into a consent agreement. The agreement provided that Zeng would pay Zhao $600 a month in temporary support through February 9, 2002.
{¶ 4} On February 9, 2001, Zeng also filed a complaint for divorce in Hamilton County. That same day she moved to Syracuse, New York, where she had accepted a position with an American corporation under an H1-B temporary work visa. Zhao, who had remained in Hamilton County, filed a motion to dismiss the divorce complaint on February 23, 2001. He argued that the trial court lacked subject-matter jurisdiction under Civ.R. 12(B)(1) and R.C. 3105.03. Zhao reasoned that because Zeng held a temporary visa, she could not establish that she had been a domiciliary resident of Ohio for at least six months. Zeng voluntarily dismissed her complaint for divorce on April 6, 2001.
{¶ 5} On April 20, 2001, Zeng appeared before the General Consulate in New York of The People's Republic of China and submitted a petition for divorce. The petition was filed on June 5, 2001, in China. On August 2, 2001, Zhao was served with notice of the Chinese action by certified mail.
{¶ 6} On August 3 2001, Zhao filed a complaint for divorce and spousal support in Hamilton County. Zeng was served with a copy of the complaint by certified mail on October 1, 2001. On October 29, 2001, Zeng moved to dismiss the divorce complaint or, in the alternative, to stay the action. She argued that if she could not meet the six-month residency requirement under R.C. 3105.03, then Zhao, whose visa status was dependent upon her own, could not meet the requirement either. She further contended that the trial court lacked venue under Civ.R. 12(B)(3). Alternatively, she contended that even if jurisdiction and venue were proper, dismissal was warranted under the doctrine of forum non conveniens and the jurisdictional-priority rule. Zeng argued that Zhao's divorce complaint should be dismissed or the proceedings stayed in favor of the divorce action pending in China. In response to the motion, Zhao amended his complaint on November 7, 2001, to one for legal separation and alimony. Zhao contended that this amendment mooted the issues raised by the motion to dismiss.
{¶ 7} On December 17, 2001, a magistrate held a hearing on the motion to dismiss. Both parties attended the hearing with their counsel. On January 17, 2002, both parties submitted proposed findings of fact and conclusions of law. On January 29, 2002, the magistrate issued findings of fact and conclusions of law. The magistrate, while acknowledging that jurisdiction and venue may have been proper in Hamilton County, dismissed Zhao's complaint for legal separation.
{¶ 8} The magistrate, relying solely upon the jurisdictional-priority rule, stated that even though jurisdiction and venue may have been proper in Hamilton County under Civ.R. 3(B)(9), Zhao's complaint for legal separation should be dismissed because Zeng had already invoked the jurisdiction of the Chinese courts by perfecting service upon Zhao one day prior to Zhao's filing of his complaint in Hamilton County. In doing so, the magistrate relied upon the fact that both parties were Chinese nationals who were in the United States on temporary visas, and that both parties wanted to terminate their marriage, but that residency requirements precluded them from obtaining a divorce in Hamilton County.
{¶ 9} Zhao had argued that because the domestic relations court had asserted jurisdiction over the parties in the domestic-violence case, jurisdiction was appropriate in the separation action. The magistrate rejected this argument, stating that the jurisdictional requirements for the domestic-violence case had nothing to do with Zhao's complaint for legal separation. Consequently, the magistrate concluded that because Zeng's divorce complaint in China was pending before the Shanghai Zuhui District People's Court, that court had priority to determine any issues related to the parties' marriage.
{¶ 10} Zhao filed objections to the magistrate's decision on January 31, 2002. He did not, however, file a transcript of the magistrate's hearing. On February 22, 2002, the trial court overruled Zhao's objections and adopted the magistrate's decision.
II. ANALYSIS
{¶ 11} In each of his five assignments of error, Zhao contends the trial court misapplied the law in arriving at its judgment. While we generally give great deference to a trial court's factual determinations, we review a trial court's application of the law de novo.[2]
{¶ 12} We first address Zhao's fifth assignment of error, as it is dispositive of the issues he has raised in the remaining assignments of error. In his fifth assignment, Zhao contends that the trial court erred as a matter of law when it sustained Zeng's motion to dismiss on the basis of the pending Chinese action. Zhao argues that the jurisdictional-priority rule as set forth in John Weenik Sons Co.v. Court of Common Pleas of Cuyahoga Cty.,[3] does not apply to foreign actions. We agree.
{¶ 13} The jurisdictional-priority rule provides that when there are courts with concurrent jurisdiction, the court whose powers are first invoked through the initiation of an appropriate legal action acquires jurisdiction to the exclusion of all other courts to adjudicate the issues and to settle the rights of the parties.[4] Thus, once a court has properly asserted jurisdiction, no other court may exercise conflicting jurisdiction until the first court has exhausted its jurisdiction.[5] The Supreme Court of Ohio, however, has said that the jurisdictional-priority rule applies only to state courts with concurrent jurisdiction and not to foreign courts.[6] Because the jurisdictional-priority rule applies only to state courts with concurrent jurisdiction, the trial court erred as a matter of law when it dismissed Zhao's action solely because of the pending divorce action in China. We, therefore, sustain the fifth assignment of error. The four remaining assignments of error, in which Zhao contends that the trial court's judgment violated his due-process rights, his right of access to Ohio courts, and the sovereignty of the state of Ohio, are rendered moot by our disposition of the fifth assignment of error.[7]
{¶ 14} Consequently, we reverse the judgment of the trial court and remand this case for further proceedings in accordance with law. Because there is nothing in the record to indicate that the trial court considered the doctrine of forum non conveniens when dismissing this action, and because the invocation of that doctrine is entrusted to the discretion of the trial court, the court should consider whether to apply the doctrine of forum non conveniens to this case on remand.
Judgment reversed and cause remanded.
Painter, P.J., and Doan J., concur.
[1] The evidence in this case was presented at a hearing held by a magistrate. Because Zhao did not file a transcript of the hearing with the trial court and has not filed a transcript with this court, we must presume regularity with respect to the factual findings in the magistrate's decision.
[2] Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm, 73 Ohio St.3d 107,108, 1995-Ohio-214, 652 N.E.2d 684.
[3] (1948), 150 Ohio St. 349, 82 N.E.2d 730.
[4] State ex rel. Phillips v. Polcar (1977), 50 Ohio St.2d 279,364 N.E.2d 33, syllabus.
[5] State ex rel. Dannaher v. Crawford, 78 Ohio St.3d 391, 393,1997-Ohio-72, 678 N.E.2d 549; Weenik, supra, at 155.
[6] State ex rel. Lee v. Trumbull County Probate Court,83 Ohio St.3d 369, 374, 1998-Ohio-51, 700 N.E.2d 4 ("Lee is also not entitled to application of the jurisdictional priority rule based on the Hong Kong proceeding because the rule applies only to state courts of concurrent jurisdiction.").
[7] See Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986),28 Ohio St.3d 20, 502 N.E.2d 590, paragraph two of the syllabus; State exrel. Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, 119,254 N.E.2d 15.