OPINION
{¶ 1} Appellant, Kyong-Mi Lee ("Ms. Lee"), appeals the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting summary judgment in favor of appellee Richard W. Melanson ("Mr. Melanson"). *Page 2 
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On December 7, 2005, Ms. Lee filed a divorce complaint, alleging that she and appellee were married in South Korea on April 21, 2001. Ms. Lee sought spousal support and child support for the parties' son, who was born on January 12, 2003.
 {¶ 4} Mr. Melanson initially filed a motion to dismiss the complaint[1] on the ground that no valid marriage existed between the parties, and he also filed a Civ.R. 44.1(B) notice of intent to rely upon the law of a foreign country [South Korea][2] for a determination of the question of whether a marriage existed between the parties. Ms. Lee did not object to the consideration of this foreign law by the court.
 {¶ 5} Mr. Melanson subsequently filed a motion for summary judgment, asking that the case be dismissed on the ground that the parties were never married as alleged in the complaint. Mr. Melanson attached his affidavit to the motion for summary judgment in which he averred that there was no marriage entered into between the parties, either in Ohio or in South Korea. With respect to South Korea, Mr. Melanson averred that there was no marriage because the parties never complied with the necessary procedures required for marriage under the Civil Code of South Korea. Although Mr. Melanson acknowledged that the parties had intended to be married in a civil ceremony in Ohio in April 2005, he stated that they had canceled the civil wedding.
 {¶ 6} In response, Ms. Lee admitted that she and Mr. Melanson did not comply with the legal requirements for having a valid marriage under South Korean law, but argued that they had entered into a de facto marriage in South Korea citing South Korean case law which, in some circumstances, recognizes de facto marriage. *Page 3 
 {¶ 7} The court ordered that both pending motions would be heard on May 17, 2006, and on July 10, 2006, the Magistrate's Decision was filed. The magistrate found that Mr. Melanson had properly filed notice of his intent to rely on the law of South Korea to determine whether a valid marriage exists and that he had provided the court with true and accurate copies of the English translation of the pertinent Korean Civil Code section. The magistrate also found that "the * * * Republic of South Korea is a civil code country * * * [which] * * * relies solely upon its codified law when rendering a decision."
 {¶ 8} The magistrate rejected Ms. Lee's argument and found that there was no legal marriage in South Korea as it was "uncontroverted" and, in fact, admitted by both parties that they failed to comply with Article 812. The magistrate also considered the South Korean case law presented by Ms. Lee in support of her argument that the parties had entered into a de facto marriage under South Korean law. The magistrate rejected that argument under two rationales. The magistrate determined that there was no valid marriage under Ms. Lee's theory because South Korea is a civil law country in which the common law concept of stare decisis does not exist. Additionally, and in any event, the case cited by Ms. Lee was decided in 1987 and the Civil Code was amended in 2001. Secondly, de facto marriage is a "legal fiction" to "allow the courts to remedy a situation." Summary judgment was granted in Mr. Melanson's favor.
 {¶ 9} Ms. Lee timely filed objections to the Magistrate's Decision, and the trial court adopted the Magistrate's Decision with one exception as it struck the language that the court did not have subject matter jurisdiction. *Page 4 
 {¶ 10} Ms. Lee filed this timely appeal, raising one assignment of error for our review:
 {¶ 11} "The trial court erred by granting the appellee's motion for summary judgment."
 {¶ 12} Standard of Review-Summary Judgment
 {¶ 13} We review a grant of summary judgment de novo. Lubrizol Corp.v. Lichtenberg Sons Constr., Inc., 11th Dist., No. 2004-L-179,2005-Ohio-7050, at ¶ 26, citing Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Thus, we review the trial court's judgment independently and without deference to its determination.Lubrizol at ¶ 26.
 {¶ 14} "Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion, and viewing such evidence most strongly in favor the party against whom the motion is made, that conclusion is adverse to that party. If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial." Lubrizol at ¶ 29, citing Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 293.
 {¶ 15} With this standard of review in mind, we must determine whether the trial court properly determined that there was no valid marriage entered into between the parties. *Page 5 
 {¶ 16} No Valid Marriage was Established in South Korea
 {¶ 17} At the outset, it must be noted that the parties agreed that the law of the Republic of South Korea governed whether the parties were legally married or not and it is clear under Ohio law that the validity of a marriage is determined from the lex loci contractus Mazzolini v.Mazzolini (1958), 168 Ohio St. 357, 358. Therefore, if a marriage is deemed "valid where solemnized, it is valid elsewhere; if invalid there, it is invalid everywhere." Id. As applied to this case, in order to be deemed married in Ohio, the parties must be found to have been married in South Korea.
 {¶ 18} In order to effectuate a valid marriage between an American citizen and a Korean citizen, South Korea requires compliance with Article 812 of the Korean Civil Code. Article 812, entitled "Formation of Marriage," sets forth the steps an American citizen must take in order to marry a South Korean citizen in South Korea. The article specifically provides that: "(1) A marriage shall take effect by reporting in accordance with the provisions of the Family Registry Act. (2) The report mentioned in paragraph (1) shall be submitted in writing with co-signatures of both parties and two adult witnesses." Specifically, Article 812 requires the parties to obtain and sign a "Report and Certificate of Marriage" and an "Affidavit of Eligibility of Marriage." Both forms need to be notarized by the Vice Counsel of the United States.
 {¶ 19} Despite her admitted failure to comply with Article 812 of the Korean Civil Code, appellant, nevertheless, argues that she is entitled to a divorce in Ohio because they had entered into a de facto marriage in South Korea. To support her position that South Korea recognizes de facto marriages, appellant attached to her Brief in Opposition to Summary Judgment two translated South Korean decisions that allegedly *Page 6 
recognized de facto marriages. Ms. Lee maintains that South Korea recognizes de facto marriages where the marriage code provisions have not been followed, and that evidence was submitted below to show that she and Mr. Melanson had cohabited together and were, in fact, de facto married.
 {¶ 20} Ms. Lee's argument regarding the recognition of and establishment of a de facto marriage in this case is completely devoid of merit. To be deemed married in South Korea, an American citizen must do so in accordance with Article 812 of the Korean Civil Code. There is no mention in the Code of recognition of de facto marriages. As the trial court noted, the use of the decisions Ms. Lee cited as controlling precedent is questionable since South Korea is recognized as a country that follows the civil law, or codified law, rather than the common law. See Martindale-Hubbell Law International Law Digest, Republic of Korea Law Digest (2006), Civil Actions and Procedures, which states that Korea follows the "civil law tradition."
 {¶ 21} Moreover, the United States government, on its Department of State website, has made it clear to all U.S. citizens intending to be married in South Korea that they "must do so in accordance with the provision of Article 812 of the Korean Civil Code of 1960." (www.state.gov/law/citizenship)[3] The Department of State further explains that: "Marriage in Korea is a civil procedure, so a religious ceremony in itself does not constitute a legal marriage. * * * The marriage actually takes place at the Ward Office where a record is made on the family census register. The official certificate of marriage is also issued by the Mayor of Ward Office after the marriage is duly registered. Although the marriage is spoken of as a ceremony, it is primarily a routine, *Page 7 
clerical procedures (sic). For this reason many people also arrange to have a religious ceremony." Id.
 {¶ 22} It is clear that in order to be deemed married in South Korea, it is necessary to comply with Article 812 of the Korean Civil Code. However, even if South Korea recognized de facto marriages, which we are unwilling to find, our result would still be the same. Appellant incredulously suggests that the conduct of the parties in Ohio (where common law marriage is prohibited) could give rise to a de facto marriage in South Korea. Even the South Korean cases appellant asks us to apply involved circumstances where the parties lived together in South Korea, not in a foreign jurisdiction. Ms. Lee's argument, while creative, is fundamentally flawed
 {¶ 23} We find that because the parties did not comply with Article 812 of the Korean Civil Code, they were never married in South Korea, and, therefore, no valid marriage can be recognized in Ohio.
 {¶ 24} We affirm the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division.
WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur.
[1] It is unclear under which section of Civ.R. 12(B) appellee brought his motion.
[2] The law provided to the court was Article 812 of the Korean Civil Code (Formation of a Marriage).
[3] This information was attached to the Motion to Dismiss and no objection to the court's consideration of this material was presented by Ms. Lee. *Page 1