[Cite as *Hussain v. Hussain*, 2016-Ohio-3214.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| JEREENA HUSSAIN, | : | CASE NO.   CA2015-07-127 |
| Appellee, | : | |
| | : | O P I N I O N<br>5/31/2016 |
| - vs - | : | |
| | : | |
| MUSHTAQ HUSSAIN, | : | |
| Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2014-01-0046


Susan J. Hovey, 1382 Burdett Avenue, Cincinnati, Ohio 45206, for appellee

Cornetet, Meyer, Rush & Stapleton, Karen P. Meyer, 123 Boggs Lane, Cincinnati, Ohio 45246, for appellant


**S. POWELL, P.J.**

{¶ 1} Appellant, Mushtaq Hussain ("Husband"), appeals from the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding he was validly married to appellee, Jereena Hussain ("Wife").  For the reasons outlined below, we affirm.

{¶ 2} On January 22, 2014, Wife filed a complaint for divorce alleging she had married Husband in India on December 6, 1992.  In response, on March 14, 2014, Husband

filed his answer and admitted "only that the parties (sic) marriage was solemnized by Islamic religious custom on December 6, 1992[.]" Thereafter, on July 30, 2014, Husband filed a motion to dismiss Wife's complaint for lack of subject matter jurisdiction arguing his marriage to Wife was invalid under Muslim and Indian law in that it was "merely ceremonial," thereby also rendering the marriage invalid in Ohio.

{¶ 3} On September 16, 2014, the trial court held a hearing on the matter, during which time it heard testimony from both Husband and Wife, among others. One month later, on October 17, 2014, the trial court issued a decision finding Husband and Wife had been validly married in India on December 6, 1992, thereby also rendering their marriage valid in Ohio. In so holding, the trial court explicitly stated that it had found Wife's "witnesses credible that the parties were married by an imam in a sanctioned Muslim ceremony." The trial court further determined "[t]here is no doubt that the parties' marriage was solemnized according to their custom and the law in India at that time."

{¶ 4} Husband now appeals from the trial court's decision, raising three assignments of error for review. For ease of discussion, Husband's three assignments of error will be reviewed together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN FINDING A LEGAL MARRIAGE HAD TAKEN PLACE BETWEEN DEFENDANT-APPELLANT AND PLAINTIFF-APPELLEE AND ERRED IN ACCEPTING SUBJECT MATTER JURISDICTION.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED IN GRANTING LEGAL MARITAL STATUS TO DEFENDANT-APPELLANT AND PLAINTIFF-APPELLEE BASED ON PLAINTIFF-APPELLEE'S WITNESS TESTIMONY GIVEN BY WITNESSES WHO WERE NEVER DETERMINED TO BE EXPERTS.

{¶ 9} Assignment of Error No. 3:

{¶ 10} IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO RELY ON THE FINDINGS OF FACT BASED UPON EITHER NO EVIDENCE OR EVIDENCE THAT WAS SUBSEQUENTLY MISTAKENLY INTERPRETED.

{¶ 11} In his three assignments of error, Husband argues the trial court erred by denying his motion to dismiss upon finding his marriage to Wife was valid. We disagree.

{¶ 12} A motion to dismiss for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1) requires a determination of whether the complaint raised a cause of action cognizable by the forum in which it was filed. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). "Generally, the validity of a marriage is determined by the *lex loci contractus*; if the marriage is valid where solemnized, it is valid elsewhere; if it is invalid there, it is invalid everywhere." (Emphasis sic.) *Mazzolini v. Mazzolini*, 168 Ohio St. 357 (1958), paragraph one of the syllabus. Thus, to overcome Husband's motion to dismiss, Wife was required to establish that her marriage to Husband was valid in India, thereby also rendering it valid in Ohio. *See, e.g., Brooks v. Brooks*, 12th Dist. Warren No. CA2000-08-079, 2001 WL 433376, *1 (Apr. 30, 2001) (affirming the trial court's dismissal, for lack of jurisdiction, of the plaintiff's complaint for divorce where the plaintiff failed to show the parties had a valid common law marriage).

{¶ 13} At trial, Wife testified that she had been validly married to Husband for over 20 years. In support of this claim, Wife introduced a marriage certificate entitled "Muslim Muhalla Paripalana Committee Marriage Certificate" and a video recording of her marriage ceremony to Husband that occurred in Tamil Nadu, India on December 6, 1992. Wife identified herself as the bride in the video recording and further testified that the wedding ceremony was exactly like that for her sister's wedding. Wife's brother, Shamin Ameen, also testified that he attended the wedding ceremony and that it satisfied all of the necessary

requirements for a valid Muslim marriage in India. This included specific testimony that Ameen, who identified himself as the man sitting next to Husband at the wedding ceremony, heard Husband accept Wife as his wife, as well as witness Husband sign the marriage register. Wife's father, Peerkannu Ameen, also testified that he was present for the wedding ceremony and that he too signed the marriage register.

{¶ 14} Aside from the wedding ceremony itself, Wife further testified that Husband had since used their marriage certificate to obtain passports and visas when they moved to Saudi Arabia, Belgium, and the United States. Wife also testified and provided documentary evidence indicating Husband had named her as his wife on their wills, powers of attorney, jointly filed tax returns, deed to their house, and student aid form for their eldest daughter. The record also contains a motion that Husband filed in this case seeking conciliation with Wife, wherein Husband specifically acknowledged that he had been married to Wife for over 20 years and that he "want[ed] to try to save the marriage and the family with the help of a conciliator."

{¶ 15} Despite this, Husband testified that his marriage to Wife was not valid because the marriage certificate was not properly signed by all necessary parties, nor was the marriage properly registered with the prescribed authority in India. According to Husband, this rendered the marriage invalid under the Muslim Personal Law Application Act of 1937 and the India Special Marriage Act of 1954. In support of this position, Husband offered expert testimony and a supporting memorandum from a family law attorney in India who opined that Husband's marriage to Wife was invalid since Husband did not have a legal marriage certificate issued by the state Registrar of Marriage that was properly registered in India, nor did he have a "Muslim Marriage Certificate * * * per India Muslim Personal Law." This opinion was based on the expert's interpretation of these two acts, as well as the India

Constitution and other foreign laws.[1]

{¶ 16} However, after a thorough review of the record, and just like the trial court before us, we find Husband did not provide the required notice of his intent to rely upon any of these foreign laws as mandated by Civ.R. 44.1(B).[2] Pursuant to that rule, a "party who intends to rely on the law of a foreign country shall give notice in his pleadings or other reasonable written notice." Moreover, even when taking the various foreign laws into consideration, the trial court declined to adopt the opinion offered by Husband's expert witness upon finding "[t]he source and completeness" of the materials relied upon by Husband and his expert "are questionable."

{¶ 17} For instance, as it relates to the text from the India Special Marriage Act of 1954, the trial court noted that it was printed off the Internet from a website called "Legal Service India.com" that included "an advertisement for a cholesterol study at the caption." The trial court also noted that Husband's expert witness had been "evasive on cross-examination" regarding the basis for offering his opinion in this case. On the other hand, the trial court found Wife's "witnesses credible that the parties were married by an imam in a sanctioned Muslim ceremony" that was "solemnized according to their custom and the law in India at that time."[3]

---

1. Attempts to question Husband's expert witness through an on-line video conference proved nearly impossible due to a poor Internet connection that was interrupted multiple times, thus rendering the majority of his responses indiscernible.

2. Husband did provide notice of his intent to rely on the Muslim Family Laws Ordinance of 1961, an apparent amendment to the Muslim Personal Law Application Act of 1937. However, the ordinance explicitly states that it is a law from Pakistan, not India.

3. Husband takes issue with the fact that the trial court stated in its decision that several witnesses testified regarding "traditional Middle Eastern Muslim marriages" when their wedding actually occurred in India. However, we find this was nothing more than a clerical error that had no impact on the trial court's decision. In so holding, we note the trial court also explicitly stated that "[t]he parties were married in a traditional Muslim ceremony in India" and dispute "whether this marriage is legally binding marriage in India[.]" The trial court further noted that Husband provided expert testimony from "a family law attorney in India," as well as several other references to India and the purported laws of India.

{¶ 18} Although Husband claims otherwise, as the trier of fact, the trial court was "not required to accept as gospel every aspect of the expert's testimony; the trier of fact may believe all of what a witness says, none of it, or part of it." *Tolliver v. Tolliver*, 12th Dist. Clinton No. CA90-07-015, 1991 WL 6364, *2 (Jan. 22, 1991). This is true even when that expert opinion goes unrebutted. *Butler v. Stevens*, 2d Dist. Montgomery No. 22822, 2009-Ohio-2775, ¶ 39, citing *Hotel Statler v. Cuyahoga Cty. Bd. of Revision*, 79 Ohio St.3d 299, 304 (1997). Rather, it is within "the trial court's prerogative to give [an] expert's testimony whatever weight it deemed appropriate." *Donithan v. Donithan*, 12th Dist. Clermont No. CA89-12104, 1990 WL 134310, *2 (Sept. 17, 1990). As noted by the Ohio Supreme Court, "a finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 81 (1984).

{¶ 19} "Ohio courts may determine the law of a foreign country, which determination is made as a matter of law." *Enquip Technologies Group v. Tycon Technoglass*, 2d Dist. Montgomery No. 2011-CA-39, 2012-Ohio-6181, ¶ 35, citing Civ.R. 44.1(B). Based on the facts and circumstances here, we find no error in the trial court's decision denying Husband's motion to dismiss upon finding the marriage between Husband and Wife was valid. In reaching this decision, we note that a proposed bill cited by both Husband and Wife, the National Commission for Women Draft on the Compulsory Registration of Marriages Bill of 2005, appears to be an attempt to require the Indian government to mandate registration of all marriages occurring after 2005 since there was then "no compulsion for registration of marriage[.]" This bill supports Wife's assertion that Husband did not need to register their marriage in order for it to be considered valid in India. The proposed bill is also in line with the purported language from the India Special Marriage Act of 1954, an act which states that a marriage like that entered into between Husband and Wife "may be registered," but that

registration was not required. Therefore, because we find no error in the trial court's decision, Husband's three assignments of error are without merit and overruled.

{¶ 20} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.