[Cite as *Tatsing v. Njume-Tatsing*, 2017-Ohio-8460.]

### THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Serge Tatsing, | : | |
| Plaintiff-Appellant, | : | No. 16AP-827 |
| | | (C.P.C. No. 15DR-2557) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Sally E. Njume-Tatsing, | : | |
| Defendant-Appellee. | : | |

### D E C I S I O N

Rendered on November 7, 2017

**On brief:** *Alex J. Pomerants*, for appellant. **Argued:** *Alex J. Pomerants.*

**On brief:** *Grossman Law Offices*, *John H. Cousins, IV*, and *Jodi R. Smilack*, for appellee. **Argued:** *John H. Cousins, IV.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BROWN, J.

{¶ 1} Serge Tatsing, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court entered a judgment granting the motion to reconsider filed by Sally E. Njume-Tatsing, defendant-appellee.

{¶ 2} Appellant was born in Nyesoso, Cameroon. Appellee was born in Ngaoundere, Cameroon. On January 1, 20o2, the parties ostensibly married in a ceremony in Kumba, Cameroon. At the time of the alleged marriage, appellant resided in Cincinnati, Ohio, and appellee resided on the Ivory Coast. After the marriage, the parties resided in the United States. Three children were born as issue of the marriage.

{¶ 3} In 2013, appellant filed for legal separation from appellee, and appellee filed a counterclaim for divorce. The case was subsequently dismissed while the parties sought to reconcile.

{¶ 4} On July 9, 2015, appellant filed the present divorce action. Appellee filed an answer and counterclaim for divorce but did not challenge the validity of the parties' marriage.

{¶ 5} In November 2015, appellee commenced proceedings in Cameroon to nullify the marriage. Appellant received no notice of the proceedings in Cameroon and was not served, and appellee did not inform the trial court in the present case of the proceedings in Cameroon. On December 23, 2015, the Cameroon High Court ("High Court") granted appellee's request to nullify the marriage. The High Court found that the parties' marriage certificate had no legal effect due to their failure to abide by Cameroon law that required a marriage be celebrated by a civil status registrar of the place of birth or residence of one of the spouses. Because neither party was born in or resided in Kumba, Cameroon, at the time of the ceremony, the marriage was invalid.

{¶ 6} On January 13, 2016, appellee filed a motion to dismiss in the present case based on the invalidity of the Cameroon marriage. The trial court denied appellee's motion to dismiss. On July 18, 2016, appellee filed a motion to reconsider claiming the trial court failed to address subject-matter jurisdiction. Appellee argues she was not asking for the trial court to apply the rules of comity or apply the Cameroon judgment; rather, she was asking the court to find the marriage to be invalid under Cameroon law.

{¶ 7} On November 18, 2016, the trial court issued a judgment in which it granted appellee's motion to reconsider. The court found that, despite the due process shortcomings in the Cameroon proceedings regarding notice to appellant, because the marriage was invalid in Cameroon, the trial court was required to find the marriage was invalid in the United States. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> The trial court did [abuse] its discretion when it granted Defendant-Appellee's motion to dismiss filed January 13, 2016 and Motion for Reconsideration filed July 18, 2016.

{¶ 8} Appellant argues in his assignment of error that the trial court erred when it granted appellee's motion for reconsideration and dismissed appellant's action. "An

appellate court reviews an appeal of a dismissal for lack of subject-matter jurisdiction under a de novo standard of review." *Crable v. Ohio Dept. of Youth Servs.*, 10th Dist. No. 09AP-191, 2010-Ohio-788, ¶ 8. Civ.R. 12(B)(1) permits dismissal of the complaint where the trial court lacks jurisdiction over the subject matter of the action. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6. "The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is whether the complaint states any cause of action cognizable in the forum." *Univ. of Toledo v. Ohio State Emp. Relations Bd.*, 10th Dist. No. 11AP-834, 2012-Ohio-2364, ¶ 8, citing *Crable* at ¶ 8. "Subject-matter jurisdiction relates to the proper forum for an entire class of cases, not the particular facts of an individual case." *Rowell v. Smith*, 10th Dist. No. 10AP-675, 2011-Ohio-2809, ¶ 17, citing *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). "A trial court has subject-matter jurisdiction over a case if it has the statutory or constitutional power to adjudicate the case." *Kormanik v. Cooper*, 195 Ohio App.3d 790, 2011-Ohio-5617, ¶ 23 (10th Dist.), citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. A court lacks subject-matter jurisdiction over a divorce proceeding if the marriage between the parties was invalid. *Hussain v. Hussain*, 12th Dist. No. CA2015-07-127, 2016-Ohio-3214, ¶ 12.

{¶ 9} A trial court has plenary power in ruling on a motion for reconsideration, and we will not reverse such ruling absent an abuse of discretion. *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, ¶ 53 (10th Dist). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Appellant presents three arguments in support of his contention that the trial court abused its discretion when it granted appellee's motion for reconsideration and dismissed his complaint. Appellant first argues the trial court erred because appellee admitted jurisdiction. Appellant points out that in appellee's answer she admitted the allegations in the complaint as to the parties' marriage and, in her counterclaim, she stated that the parties were married in Kumba, Cameroon. Appellant asserts that these acknowledgments were never amended, revoked, or withdrawn in any subsequent motion or pleading.

{¶ 11} We reject appellant's contention. It is well-established that "[a] defect in subject-matter jurisdiction cannot be waived or forfeited and may, therefore, be raised at any time." *Engelhart v. Hamilton Cty. Bd. of Commrs.*, 1st Dist. No. C-150639, 2016-Ohio-4935, ¶ 6, citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10; *State v. Wilson*, 73 Ohio St.3d 40, 46 (1995) (finding that the issue of a court's subject-matter jurisdiction cannot be waived, and a party's failure to challenge a court's subject-matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none). This court has before found that the defendant's admission to subject-matter jurisdiction in an answer to a complaint does not prevent the defendant from raising the lack of subject-matter jurisdiction in a subsequent motion to dismiss. *See Thomas v. Thomas*, 10th Dist. No. 03AP-1106, 2004-Ohio-2136, ¶ 11-12. Furthermore, like in *Thomas*, here, appellee did not discover the jurisdictional issue until after having filed the answer. It is also worthy to note that appellee never admitted to any underlying facts to support the existence of a valid Cameroon marriage. She only admitted that the parties were "married." Her admission was based on the parties having participated in an apparent marriage ceremony in Cameroon and not on the technical legal legitimacy of their marriage pursuant to local law. Also, similar to *Thomas*, the present action never proceeded to final judgment, and appellant did not unfairly rely on the finality of any judgment. Therefore, we find this argument without merit.

{¶ 12} Appellant next argues the trial court erred when it granted appellee's motion to reconsider when it failed to include any additional facts, evidence, or testimony. Specifically, appellant contends the court abused its discretion when it relied on the Cameroon High Court's nullification order. Appellant claims he received the marriage license in Kumba because it was his wife's "hometown" and that was where her parents were living at the time, and, thus, they complied with section 48 of the Cameroon Ordinance on Civil Status Registration. Appellant also asserts that he was truthful and honest and did everything he was required to do when he attempted to get a marriage license in Cameroon. Appellant also points out that the petition filed by appellee in the High Court in Cameroon was prepared solely by her and her attorney, the petition fails to cite the reasons appellant obtained the license in Kumba, and the trial court here was provided no transcript or exhibits from the High Court proceedings.

{¶ 13} We find these arguments without merit. Even assuming appellant obtained the marriage license in Kumba because it was his wife's "hometown" and where her parents were living at the time, these grounds still do not comply with Cameroon's legal requirements. Section 48 of the 1981 Ordinance on Civil Status Registration provides that a marriage must be celebrated by a civil status registrar of the place of birth or residence of one of the spouses. Here, neither party resided in the jurisdiction where the parties' marriage was celebrated, according to the marriage certificate before the High Court. There is also no dispute that neither party was born in the civil status jurisdiction of Kumba City Counsel where the marriage was celebrated. Thus, appellant's argument that he obtained the marriage certificate in Kumba because it was his wife's hometown and that was where her parents were living at the time still does not comply with the ordinance. Whether appellant was truthful and honest in attempting to obtain a marriage certificate in Cameroon does not counter the fact that the parties' marriage did not comply with Cameroonian law. Furthermore, that appellee's petition to void the marriage in the High Court in Cameroon did not cite the reasons that appellant obtained the license in Kumba is inconsequential, as appellant's reasons cited herein still do not comply with the Cameroon statute. Also, although we agree it might have been useful for the trial court to have had access to any transcripts or exhibits from the High Court proceedings, their absence, if they even exist, does not detract from the determination and decision of the High Court that the marriage was void. Therefore, we find these arguments unpersuasive.

{¶ 14} Finally, appellant argues the trial court's original reasoning for denying appellee's motion to dismiss was proper, and the trial court should not have granted appellee's motion to reconsider. Appellant contends that, like the original decision, comity is at the heart of the trial court's ruling on the motion for reconsideration, despite appellee's attempt to frame the issue as one of lack of subject-matter jurisdiction only. In the original July 7, 2016 decision denying appellee's motion to dismiss, the trial court found that it must apply comity to the case, and case law regarding comity does not require an Ohio court to enforce a foreign judgment when it is repugnant to the laws of the United States and Ohio or violates Ohio public policy. The trial court concluded that appellant's due process rights were violated when the High Court failed to serve appellant, and appellee intentionally failed to notify appellant or the trial court of the High Court

nullifications proceedings she had commenced in Cameroon. The court also found that recognizing foreign law would not be in the best interest of the children, as it would bastardize them in the eyes of the law and cause them harm due to appellee's gamesmanship and willful withholding of information.

{¶ 15} In her motion for reconsideration, appellee claimed the central issue in this case is jurisdiction, and she was not asking the court to apply the rules of comity or apply the Cameroon judgment. Appellee contended the judgment was presented only as evidence to show the law in Cameroon and that the marriage license was fraudulent. In granting appellee's motion for reconsideration, the trial court found in its decision that the validity of a marriage was determined by the *lex loci contractus*, or the law of the place where it was solemnized. Because the court where the parties' marriage was solemnized found the marriage certificate was of no legal effect and the marriage was prohibited, the trial court found it had no option than to respect the High Court's order and relinquish subject-matter jurisdiction. The court concluded that, pursuant to the laws of Cameroon, there was no valid and legally binding marriage between the parties upon which divorce proceedings in the trial court could be predicated.

{¶ 16} We explained comity in *Baze-Sif v. Sif*, 10th Dist. No. 15AP-152, 2016-Ohio-29 at ¶ 11-12:

> Comity is " 'a principle in accordance with which the courts in one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect.' " *Kaur v. Bharmota*, 182 Ohio App.3d 696, 2009-Ohio-2344, ¶ 7 (10th Dist.), quoting *Bobala v. Bobala*, 68 Ohio App. 63, 71 (7th Dist.1940). States are empowered, if they elect to do so, to recognize the validity of certain judicial decrees of foreign governments when they are found by the state of the forum to be valid under the law of the foreign state, and when such recognition is harmonious with the public policy of the forum state. *Yoder v. Yoder*, 24 Ohio App.2d 71, 72 (5th Dist.1970). An Ohio court's recognition of a foreign decree is a matter of courtesy rather than of right. *State ex rel. Lee v. Trumbull Cty. Probate Ct.*, 83 Ohio St.3d 369, 374 (1998). "An Ohio court is not bound to enforce a foreign judgment when it is repugnant to the laws of the United States and Ohio or violates Ohio public policy." *Patel v. Krisjal, L.L.C.*, 10th Dist. No. 12AP-16, 2013-Ohio-1202, ¶ 48. *See also Tahan v. Hodgson*, 662 F.2d 862, 864 (D.C.1981), quoting *Hilton v. Guyot*, 159 U.S. 113 (1895).

The issue of comity " 'is frequently applied in divorce cases; a decree of divorce granted in one country by a court having jurisdiction to do so will be given full force and effect in another country by comity.' " *Kalia v. Kalia*, 151 Ohio App.3d 145, 2002-Ohio-7160, ¶ 37, quoting *Litvaitis v. Litvaitis*, 162 Conn. 540, 544-45 (1972). However, " '[a] decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process of law in the real sense of the term, or was obtained by fraud, or where the divorce offends the public policy of the state in which recognition is sought, or where the foreign court lacked jurisdiction.' " *Id.* quoting *Litvaitis*. We review a trial court's decision to grant or deny comity under an abuse of discretion standard. *Patel* at ¶ 46.

{¶ 17} As explained above, in the decision on appellee's motion for reconsideration, the trial court modified its analysis and decided the motion solely on the legal concept that the validity of a marriage is determined by the *lex loci contractus*. In other words, the validity or existence of a marriage should be determined under the law of the place where the alleged marriage was contracted. The Supreme Court of Ohio acknowledged this rule in *Mazzolini v. Mazzolini*, 168 Ohio St. 357 (1958), paragraph one of the syllabus, finding that "[g]enerally, the validity of a marriage is determined by the *lex loci contractus*; if the marriage is valid where solemnized, it is valid elsewhere; if it is invalid there, it is invalid everywhere." This court followed *Mazzolini* in *Police & Firemen's Disability & Pension Fund v. Redding*, 10th Dist. No. 01AP-1303, 2002-Ohio-3891, and found that the overwhelming weight of authority from other states acknowledges the principle expressed in *Mazzolini*. *Id.* at ¶ 26. In *Redding*, we concluded the trial court erred in applying Ohio law to proclaim the existence of a common-law marriage of persons residing outside of Ohio when their state of residence gave no recognition to common law marriages. We found that, pursuant to *Mazzolini*, Ohio should apply the doctrine of *lex loci contractus* when assessing the existence of a marriage. *Id.* at ¶ 27.

{¶ 18} In the present case, we agree with the trial court that because the parties' marriage was invalid in Cameroon, the trial court had no jurisdiction. The testimony from the hearings before the trial court demonstrate that the parties did not comply with the requirements of the Cameroon ordinance for forming a valid, legal marriage. The

marriage was not celebrated by a civil status registrar of the place of birth or residence of one of the spouses. Neither party was born or resided in the place of the ceremony at issue, Kumba, Cameroon. The trial court's interpretation of the Cameroon ordinance was confirmed by the High Court's decision in Cameroon. Regardless of the dubious notice and due process shortcomings in Cameroon, Cameroon law was clear, and the parties failed to comply therewith.

{¶ 19} The present case is similar to *Lee v. Melanson*, 11th Dist. No. 2006-T-0098, 2007-Ohio-1784, and we find it helpful. In *Lee*, the parties were "married" in South Korea. The wife later sought a divorce in Ohio. The husband filed a motion to dismiss—and later, a motion for summary judgment—arguing that no valid marriage existed between the parties. The husband filed an affidavit in which he averred there was no marriage because the parties never complied with the necessary procedures required for marriage under the Civil Code of South Korea. The trial court granted the motion for summary judgment, finding there was no legal marriage in South Korea as it was uncontroverted, and, in fact, admitted by both parties, that they failed to comply with the Civil Code of South Korea.

{¶ 20} On appeal, the court found, and the parties agreed, that the law of the Republic of South Korea governed whether the parties were legally married, and under Ohio law the validity of a marriage is determined from the *lex loci contractus*, citing *Mazzolini*. After outlining the steps to effectuate a valid marriage between an American citizen and a Korean citizen per the Korean Civil Code, the trial court found that the parties did not comply with the code. Thus, despite the fact that the parties participated in a religious ceremony in South Korea, they did not comply with the civil procedure necessary to constitute a legal marriage, which takes place at the Ward Office where a record is made on the family census register. Therefore, the court concluded that because the parties did not comply with the Korean Civil Code, they were never married in South Korea, and, thus, no valid marriage can be recognized in Ohio. The facts in *Lee* are comparable to those here, and the legal analysis tracks ours in the present case.

{¶ 21} For the foregoing reasons, we agree with the trial court that, because the parties' marriage was invalid in Cameroon based on their failure to comply with Cameroon's Ordinance on Civil Status Registration, the trial court had no jurisdiction

over the matter.  Therefore, the trial court did not err when it granted appellee's motion to dismiss. Appellant's assignment of error is overruled.

{¶ 22} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

_____